## Barrett's Estate.

*Executors and administrators—Distribution—Surcharge—Claim of physician—Laches.*

An administrator c. t. a. who has distributed in good faith the assets of the estate, will not be surcharged with the amount of a claim of a physician who had attended the decedent in her last illness, where it appears that the physician knew of the decedent's death, and the probate of her will, but had made no claim on the administrator until two years had elapsed after the taking out of letters and proper publication of notice thereof.

Argued March 5, 1913.   Appeal, No. 13, March T., 1913, by John S. Niles, from decree of O. C. Lackawanna Co., No. 452, of 1,908, dismissing exceptions to account in Estate of Margaret Barrett, deceased.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Exceptions to account filed after distribution.   Before SANDO, P. J.

The opinion of the Superior Court states the facts of the case.   The claim of Dr. Niles was $147.   The whole estate amounted to $249.90.

*Error assigned* was in dismissing exceptions to the account.

*J. B. Jenkins* and *I. H. Burns,* of *Burns & Burns,* for appellant.

*A. A. Vosburg,* for appellee.

OPINION BY ORLADY, J., July 16, 1913:

Margaret Barrett died January 20, 1908.   Her will was admitted to probate July 5, 1908, and a first and final account was filed January 23, 1912.   On the hearing of exceptions filed thereto by Dr. Niles it appeared that no

notice of his claim for medical attendance rendered by him during the last illness to the decedent, had been given to the accountant, although proper notice, by publication of the administration of the estate, had been given as required by law.

That other debts and specific legacies had been paid is of no moment under the facts admitted by the claimant. He has no standing to urge payment of his bill, when he fails to show clearly and distinctly that the accountant had notice of his claim until two years had elapsed after the taking out of letters and proper publication of notice thereof as provided for by the Acts of March 29, 1832, P. L. 190, and February 24, 1834, P. L. 70.

It is substantially admitted that he knew of the decedent's death and of the probate of her will. His own negligence was the direct cause of his loss. It was not shown that the administrator had any knowledge of the appellant's claim. It is the duty of an administrator to exercise the judgment of a prudent man in disposing of the assets of the estate in his care, and he will only be surcharged when it is clearly shown that he has been guilty of some omission of duty that is required by law. Having observed these requirements, he is not to be held liable for the negligence of the claimant.

The judgment is affirmed.