PHILIP B. GAYNOR, Appellant, *v.* VILLAGE OF PORT CHESTER, Respondent.

**Constitutional law — titles of private or local bills — when purpose of statute to grant cause of action against village for delay does not appear from title, act to that extent fails to create cause of action — when cause of action for additional work authorized by statute.**

1. The constitutional provision that "No private or local bill * * * shall embrace more than one subject, and that shall be expressed in the title" (Const. art. 3, § 16), should be given a reasonable construction, which will, on the one hand, uphold the legislation as against meticulous verbal criticism and, on the other, sustain the requirement that a local bill should, however detailed in purpose, embrace but one general subject which should be expressed in the title in words which fairly suggest the possible scope of such legislation.

2. Where a statute purports to make loss sustained by delay a legal and binding obligation of a village, but the title does not advise

[231 N. Y. 451]        Opinion, *Per Curiam.*                [July,

the reader of the purpose of the draftsman to include in the act a distinct cause of action for damages for delay, it comes within the condemnation visited on deceptive and misleading titles and the act to that extent, fails in its purpose to create a cause of action.

3. A cause of action, however, for additional work, labor and services in connection with the work covered by the terms of the contract is well pleaded where not only is reasonable compensation for such services declared by the statute to be a legal and binding obligation of the village, but such services are mentioned in the title and embraced in the general subject of the act. The subject is single; the title is sufficiently explicit and the act to this extent is constitutional.

*Gaynor* v. *Village of Port Chester*, 174 App. Div. 122, modified.

(Argued June 1, 1921; decided July 14, 1921.)

APPEAL from a judgment, entered November 18, 1916, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which modified an order of Special Term overruling a demurrer to the complaint so as to sustain the demurrer and dismiss the complaint as to the second and third causes of action.

*James S. McDonogh* for appellant.

*Frederick W. Sherman* and *Arthur R. Wilcox* for respondent. The special act in so far as it attempts to authorize any recovery upon the second and third causes of action is unconstitutional. (State Const. art. 3, § 16.) "No private or local bill shall embrace more than one subject and that shall be expressed in the title." (*Matter of Mayor, etc., of City of New York*, 99 N. Y. 577.)

*Per Curiam.* This appeal involves the further consideration of chapter 513, Laws of 1911, entitled: "An Act to legalize the acts and proceedings of the board of trustees of the village of Port Chester in contracting for and authorizing the determination of the amount of unpaid taxes and assessments and for establishing and putting into effect improved methods of accounting for such village, to legalize the services performed under such contract or in connection therewith, and to authorize the board of trustees to make payment therefor if able to agree upon the amount

due, and otherwise, to authorize the maintenance of an action to determine such amount," which is set forth in full in our opinion herein on another appeal (230 N. Y. 210). We held that the statute effectually legalized, ratified and confirmed an express contract between the plaintiff and the defendant for auditing books and introducing an improved method of accounting. The action having been severed, the question remains as to the sufficiency of the local act to sustain the second and third causes of action set forth in the same complaint as against the constitutional provision: "No private or local bill * · * * shall embrace more than one subject, and that shall be expressed in the title." (Const. art. III, § 16.) This provision should be given a reasonable construction, which will, on the one hand, uphold the legislation as against meticulous verbal criticism and, on the other, sustain the requirement that a local bill should, however detailed in purpose, embrace but one general subject which should be expressed in the title in words which fairly suggest the possible scope of such legislation.

The second cause of action pleaded is for damages for delay in placing the defendant's records at plaintiff's disposal. The statute purports to make the loss sustained by such delay a legal and binding obligation of the village. The range of its general subject is the legalization of the services rendered by plaintiff to the defendant under his contract and in connection therewith. This subject and this alone is expressed in the title. Any matter in a local bill which is not embraced within the subject expressed in the title is void. (*Economic P. & C. Co.* v. *City of Buffalo,* 195 N. Y. 286, 303.) This title does not advise the reader of the purpose of the draftsman to include in the act a distinct cause of action for damages for delay in the performance of an illegal contract. It, therefore, comes within the condemnation visited on deceptive and misleading titles and the act fails in its purpose to create the second cause of action.

The third cause of action pleaded may, however, be distinguished in this regard. It is for the value of additional work, labor and services in connection with the work covered by the terms of the contract. Not only is reasonable compensation for such services declared by the statute to be a legal and binding obligation of the village, but such services are mentioned in the title and embraced in the general subject of the act as hereinbefore indicated. (*Matter of Mayor, etc., of New York*, 99 N. Y. 569; *W. I. B. Co.* v. *Town of Attica*, 119 N. Y. 204.) The subject is single; the title is sufficiently explicit and the act to this extent is constitutional. The third cause of action is, therefore, well pleaded. The question of liability remains to be litigated if the defendant desires to serve an answer.

The judgment appealed from should be reversed as to the third cause of action and the order of the Special Term affirmed; and otherwise affirmed, without costs to either party.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and ANDREWS, JJ., concur; CRANE, J., dissents from reversal of judgment of Appellate Division as to the third cause of action; CHASE, J., deceased.

Judgment accordingly.