ERNEST J. ROGERS, Respondent, *v.* THE VILLAGE OF PORT CHESTER, Appellant.

EVELYN G. ROGERS, Respondent, *v.* THE VILLAGE OF PORT CHESTER, Appellant.

LYMAN B. JORDAN, Respondent, *v.* THE VILLAGE OF PORT CHESTER, Appellant.

**Municipal corporations — negligence — liability of incorporated villages for injuries caused by negligence of village authorities — requirements of village charter relative to presentation of claims and commencement of action must be substantially complied with — when notice presented to wrong officer, after period fixed by charter and without notice of intention to commence action, is fatally defective.**

1. A village charter is a public although a local act and is not a private statute.

2. Municipal liability for injuries is a matter that is within the control of the legislature, and when it is enacted what that liability shall be and the conditions upon which it may be enforced are prescribed, the statutory provisions are controlling upon the subject, and substantial compliance with such requirements must be pleaded and proved as an essential part of a plaintiff's cause of action.

3. Where a village charter makes special provisions for the presentation of claims and the commencement of actions against the village for injuries to person or property caused by defects, obstructions and unsafe or dangerous conditions of any street, avenue, sidewalk or crosswalk by reason of the negligence of the village authorities or any department, officer, servant or employee thereof which provisions are inconsistent with the general law, the special provisions control.

4. In actions against an incorporated village for personal injuries arising out of an accident for which the negligence of the defendant is alleged to be the cause it appears that plaintiffs did not comply with the provisions of the charter of the village relative to the presentation of claims for personal injuries (L. 1868, ch. 818, amd. L. 1894, ch. 623, tit. 7, § 16) in that: *First,* such claims were addressed to, and filed with, the village clerk instead of to the president or treasurer of the village; *second,* the notices of claims did not contain a verified notice of intention to commence an action against the village, and *third,* the notices were not presented within thirty days

from the time the alleged injuries were received and no proof was given of mental or physical incapacity for the preparation and presentation of claims for the entire thirty-day period. Such notices of claims are, therefore, fatally defective and the complaints should have been dismissed, and where one of such claims omitted to state the time of claimant's alleged injuries such claim is defective for that reason also and bars any recovery thereunder. (*Sheehy* v. *City of New York*, 160 N. Y. 139; *Sweeney* v. *City of New York*, 225 N. Y. 271, distinguished.)

*Ernest J. Rogers* v. *Village of Port Chester*, 195 App. Div. 900, reversed.

*Evelyn G. Rogers* v. *Village of Port Chester*, 195 App. Div. 900, reversed.

*Jordan* v. *Village of Port Chester*, 195 App. Div. 898, reversed.

(Argued October 12, 1922; decided October 24, 1922.)

Appeal, in each of the above-entitled actions, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 7, 1921, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

*William Baruch* for appellant. The notice of claim of the plaintiff Lyman B. Jordan having failed to state the time when he received his injuries was inadequate and insufficient and prevents any recovery by him. (*Tynan* v. *City of New York*, 223 N. Y. 596; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Carson* v. *Village of Dresden*, 202 N. Y. 414; *MacMullen* v. *City of Middletown*, 187 N. Y. 37; *Reining* v. *City of Buffalo*, 102 N. Y. 308; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Purdy* v. *City of New York*, 193 N. Y. 521; *Cotriss* v. *Village of Medina*, 139 App. Div. 872; 206 N. Y. 713; *Thrall* v. *Village of Cuba*, 88 App. Div. 410; *Foster* v. *City of New York*, 168 App. Div. 924; 222 N. Y. 581.) Plaintiffs' failure to present their notice of claim to the president or treasurer of the defendant is fatal and a bar to recovery. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Tynan* v. *City of New York*, 223 N. Y. 596; *Forsyth* v. *City of*

*Oswego,* 191 N. Y. 441; *Casey* v. *City of New York,* 217 N. Y. 192; *Weisman* v. *City of New York,* 219 N. Y. 178; *Missano* v. *City of New York,* 160 N. Y. 123; *Merz* v. *City of Brooklyn,* 33 N. Y. S. R. 577; 128 N. Y. 617; *MacMullen* v. *City of Middletown,* 187 N. Y. 37; *Purdy* v. *City of New York,* 193 N. Y. 521; *Carson* v. *Village of Dresden,* 202 N. Y. 414; *Curry* v. *City of Buffalo,* 135 N. Y. 366; *Sweeney* v. *City of New York,* 225 N. Y. 271.) Plaintiffs' notices of claim were insufficient because of their failure to state therein their intention to commence action. (*Cotriss* v. *Village of Medina,* 139 App. Div. 872; 206 N. Y. 713.) Service of notices of claim in the time, form and manner required by defendant's charter was a condition precedent necessary to be alleged and proved by the plaintiffs. (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *MacMullen* v. *City of Middletown,* 187 N. Y. 37; *Sleicher* v. *City of Mount Vernon,* 107 App. Div. 584.)

*Edward L. Blackman* for respondents. The notices served by the plaintiffs substantially comply with all the requirements of law, including those of the amended charter of the village of Port Chester. (*Sheehy* v. *City of New York,* 160 N. Y. 139; *Sweeney* v. *City of New York,* 225 N. Y. 271.)

Pound, J.   Each of the above-entitled actions was brought to recover damages for personal injuries arising out of an accident of which the negligencee of the defendant was alleged to be the cause.

The only question to be considered is whether the plaintiffs complied with the provisions of the village charter (L. 1868, ch. 818, as amended by L. 1894, ch. 623, title 7, § 16) relative to the presentation of claims for personal injuries against the village.   The section reads as follows:

" § 16. No action or proceeding shall be brought or commenced, or instituted or maintained against the village for personal injuries or for damages to property alleged to have been received or sustained by reason

of defects, want of repairs, obstructions, or unsafe or dangerous condition of any street, avenue, highway, bridge, sidewalk, cross-walk, or by reason of the negligence of the village authorities, or of any board, department, officer, servant or employee thereof, unless the same shall be commenced within one year after the cause of action thereof shall have accrued, nor unless the claim or demand shall be presented in writing to the president or treasurer of said village within thirty days after the time such injuries were received or damages sustained. Such notice in writing shall state the time, place, cause, nature and extent of such injuries or damages, as far as practicable, and of intention to commence said action or proceeding, and shall be verified by the claimant to the effect that the same is true. The omission to present any such claim in the manner and within the time mentioned shall be a bar to any action against the village; and no action upon any such claim or demand shall be commenced until after three months from the presentation thereof."

Substantial compliance with the statutory requirements must be pleaded and proved as an essential part of the plaintiffs' cause of action. " Municipal liability for injuries is a matter that is within the control of the legislature and when it is enacted what that liability shall be, and the conditions upon which it may be enforced are prescribed, the statutory provisions are controlling upon the subject." (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198, 203.)

The notices of claim are identical in form except that the notice of the plaintiff Jordan omits to state " the time * * * of said injuries," and is, therefore, clearly defective and bars any recovery on his part. (*Weisman* v. *City of New York,* 219 N. Y. 178.)

All the claims are, however, fatally defective in other respects, for reasons that have been reiterated by this court. *First.* Each claim is addressed to and was filed with the village clerk. The plaintiffs neglected to

present their claims to the president or treasurer of the village. It is not for the court to say that the village officials had actual knowledge of the claims; that the failure to present them to the proper officer was unprejudicial to the defendant, or that technicalities should not be allowed to defeat a meritorious claim. In *Cortriss* v. *Village of Medina* (139 App. Div. 872; affd., 206 N. Y. 713) it was held that a statement of claim sufficiently explicit in form and properly presented, but lacking a verification, was a nullity and a bar to plaintiff's action. *Second.* The notices omit to state " intention to commence such action or proceeding." The court below cites *Sheehy* v. *City of New York* (160 N. Y. 139) and *Sweeney* v. *City of New York* (225 N. Y. 271) as authority for the proposition that the notices were sufficient in this regard. It was there held that where nothing more is required than written notice to the corporation counsel the object of the statute is accomplished if such notice, however informal in character, comes into the possession of the officer within the time fixed by statute. But the charter of defendant requires a verified notice of intention to sue. Any other form of notice is insufficient. (*Cortriss* v. *Village of Medina, supra.*) *Third.* The accident occurred on December 11, 1918. The notices of claim were presented on February 8, 1919. The claims were presented after the expiration of the thirty-day period prescribed by the charter. No proof was given of mental or physical incapacity to give directions for the preparation and presentation of claims for the entire thirty-day period. Such proof is necessary in order to bring the claims under the rule laid down in *Forsyth* v. *City of Oswego* (191 N. Y. 441) that the law does not seek to compel that which is impossible. The contrary appears by the evidence of the plaintiffs' family physician who testifies that they were able to hold and have consultations with their attorney during the month the accident occurred.

The charter of the village is a public, although local act, and is not a private statute and section 16, *supra,* was sufficiently pointed out in the answer and was properly before the court.

The respondents candidly and clearly explain the failure to present their claims properly. They followed literally the requirements of the Village Law (Cons. Laws, ch. 64) (§ 341) relative to the notices precedent to an action against the village. The legislature in its wisdom has seen fit to make special provisions on the subject for the defendant village which are inconsistent with the general law. The special provisions, therefore, control. (Village Law, § 380.) The court has no dispensing power. Its duty is ended when it determines that the valid, indispensable preliminaries to the maintenance of these actions have been omitted.

The orders of the Appellate Division granting new trials herein should be reversed and judgments of Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, MCLAUGHLIN and CRANE, JJ., concur; CARDOZO and ANDREWS, JJ., concur in result.

Orders reversed, etc.