913

ROSE COLLYER and JESSE COLLYER, JR., Respondents, v. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF OSSINING, Appellant.— In an action brought by plaintiffs, husband and wife, to recover damages (a) for personal injuries and (b) for loss of services, in which each plaintiff alleged a cause of action based on negligence and a second cause of action based on alleged nuisance, created, however, by the alleged negligence of the defendant, order denying defendant's motion to dismiss each cause of action alleged in the amended complaint, based on alleged nuisance, reversed on the law, with ten dollars costs and disbursements, and motion to dismiss each of said causes of action granted, with ten dollars costs, with leave to plaintiffs, if so advised, to plead over within ten days from the entry of the order hereon. We are of opinion that section 341-b of the Village Law, even when read in the light of section 380 thereof, is without application to the defendant herein, incorporated under a special charter (Laws of 1910, chap. 667, as amd.); however, section 204 of said special charter, which requires filing of a notice of claim as a prerequisite to the maintenance of an action against the village for damages for a personal injury alleged to have been sustained by reason of its negligence, applies to each of said causes of action for the reason that the nuisance alleged was created by the negligence of the village. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340, 342; *Smith* v. *Village of Victor*, 134 Misc. 888.) Therefore, each of said alleged causes fails to state facts sufficient to constitute a cause of action by reason of its omission to allege the filing of the said prerequisite notice of claim. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

DOMINICK CURCIO, as Administrator, etc., of MICHAEL CURCIO, Deceased, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant. —Appeal by defendant from a judgment of the City Court of Yonkers, entered upon the verdict of a jury in favor of the plaintiff in an action to recover upon two industrial life insurance policies, and from an order denying its motion to set aside the verdict. Judgment of the City Court of Yonkers in favor of the plaintiff, and order denying defendant's motion to set aside the verdict, reversed on the law and the facts and a new trial ordered, costs to appellant to abide the event, upon the ground that the verdict of the jury is against the weight of the credible evidence. Lazansky, P. J., Johnston and Adel, JJ., concur; Carswell and Davis, JJ., dissent and vote to affirm.

BENJAMIN F. DEAGOSTINA, as President of the Allied Motion Picture Operators Union, a Voluntary Unincorporated Association of More Than Seven Members, Respondent, v. SIGNAL THEATRE CORP., Appellant.— Order granting motion for leave to serve an amended complaint reversed on the law, with ten dollars costs and disbursements, and motion denied. The order made by Wenzel, J., in a prior action between the same parties, dismissing the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the order denying a motion to resettle such order by granting leave to serve an amended complaint are a binding adjudication that the complaint herein does not state facts sufficient to constitute a cause of action, inasmuch as the complaint herein is the same, as far as the questions involved are concerned, as the one in the action in which the complaint was dismissed by Wenzel, J. (*Joannes Brothers Co.* v. *Lamborn*, 237 N. Y. 207.) Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur. [See *ante*, p. 912.]