## Johnston v. Canonsburg Borough

*Burnside, Moninger & Burnside,* for petitioner.
*Adolph L. Zeman,* for respondent.

GIBSON, J., October 8, 1938.—Plaintiff files her petition alleging that she was injured by reason of negligence of defendant and, having failed to give notice within six months from the date of her injury, prays the court for leave to enter her action to recover damages therefor, notwithstanding her failure to give notice. The parties have stipulated that the accident occurred on December 24, 1937, that no notice in writing was filed in the office of the Secretary of the Borough of Canonsburg, stating briefly the facts on which plaintiff's claim was based and signed by her or her representative, that she was physically unable to go to Washington to ask advice from her lawyers prior to July 20, 1938, that she was not mentally incapacitated in any manner after January 1, 1938, and that within six months from December 24, 1937, both police officers employed by defendant borough and a councilman of said borough talked with plaintiff and were informed of her accident and the manner in which plaintiff claims said accident occurred. The physical injury of plaintiff was a fracture of her right hip, whereby she was confined to a hospital from December 24, 1937, until March 14, 1938, when she was released, and afterwards walked with the aid of crutches until the latter part of June, 1938, after which she was aided with a cane. On July 20, 1938, she traveled to Washington, where she consulted with her attorneys and then learned of the requirement that she must give notice within six months after the accident.

By the Act of July 1, 1937, P. L. 2547, it is provided that hereafter any person claiming damages from any borough, etc., arising from the negligence of such municipality or any employe thereof, shall, within six months from the date of the origin of such claim or within six months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives:

"No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured." Act of 1937, supra.

This act was approved July 1, 1937, and became effective immediately upon its enactment. Plaintiff admittedly did not comply with the act and now petitions the court to grant her leave to proceed, and the only question involved here is whether or not she has shown a reasonable excuse for failure to file the notice.

This legislation is new in Pennsylvania, and neither counsel for the parties nor our independent search has discovered any Pennsylvania decisions regarding the question here involved.

The subject of the legislation is not a new one. It is recognized that the municipalities referred to in the act are those created by the State, and in numerous States legislation regarding this subject has been enacted for the evident purpose of giving the municipality an opportunity to investigate the case while conditions are fresh, or making settlements of cases, and protect itself against actions which may be brought long after the occurrence, and also to protect itself against conspiracy and unfounded claims. On the legislation referred to in the various States there has been a large amount of litigation,

resulting in numerous decisions, and notwithstanding quite a variety of provisions applicable to the several States there seem to have been certain well-defined rules which had been laid down by the courts previous to the enactment of the act of assembly here involved, and we think this act should be construed in the light of those decisions, having in mind that the legislature used the language it did in view of the decisions arrived at in construing the statutes on this subject in other States.

With reference to the notice, it appears to have been generally held that the giving of notice is a condition precedent to a cause of action: 6 McQuillin on Municipal Corporations (2d ed.), sec. 2888; that the notice must be given by the person indicated by the act, and must be served on the official therein indicated, and service on other persons or notice to them is not the equivalent of the notice required by the statute: 6 McQuillin on Municipal Corporations, sec. 2891; and the notice must be given within the time fixed by the act: 6 McQuillin on Municipal Corporations, sec. 2894.

In some of the States the statute provided for no exception, in others certain persons were exempt from the requirement, and in others certain circumstances made the giving of notice unnecessary; in others the courts construed the statute so as not to require the impossible from the injured plaintiff. The legislature of Pennsylvania, evidently foreseeing these difficulties, provided in effect that the court could relieve the plaintiff for her failure to do the precedent act, upon her showing a reasonable excuse for such failure, that is, a plea offering extenuation of the default or neglect, and, in the light of the decisions in other States, showing circumstances whereby it would be impossible, materially harmful, or dangerous, for or to the injured person, to require strict compliance with the requirements of the statute. It was certainly never intended that this reasonable excuse should include ignorance of the law, matters of inconvenience to the party, or lack of diligence.

The decisions of the various States are sometimes misleading unless we go back to the statute which is there being construed. These statutes are not uniform in expression. For instance, in Massachusetts, notice is required unless from "physical or mental incapacity" it is impossible for the person injured to give such notice. In Nebraska, also, the excuse for notice is based on "lack of physical or mental capacity arising from the accident." In Washington the notice is required except in cases of mental or physical incapacity, when the notice may be given by another on behalf of the injured person. In Minnesota, Vermont, and Wisconsin, a notice is excused where the injured person is "bereft of reason." In New Hampshire the notice is excused where the injured is "unavoidably prevented by accident, mistake, or misfortune, and not from his own default."

In some States there is no statutory provision excusing the giving of notice. In some of these the courts have held that, by reason of the constitution of that State, the right to bring suit exists, notwithstanding the failure of notice, where the person is physically or mentally incapacitated, and in some instances where there is a minor plaintiff not represented by a guardian. Also, in the various places where legislation of this character is in effect, there is great variety in the length of time within which the notice may be given, in some instances as short as seven days. So that there is good reason for an exception in case of physical or mental incapacity, or where the injured person is bereft of reason.

Our research has only discovered one instance in North America where language substantially similar to that used in the Pennsylvania statute appears. In the Province of Ontario the statutes require notice within seven days, but contain the provision that (except in certain specified cases) failure to give the notice within such period shall not be a bar to the action if the court is of opinion that there is "reasonable excuse" for the want or insufficiency

of the notice, and that the municipal corporation was not thereby prejudiced in its defense. There it is held that what constitutes reasonable excuse for not giving notice must depend very much upon the circumstances of the particular case: O'Connor v. City of Hamilton, 10 Ont. L. R. 529, approved in Egan v. Saltfleet Twp., 29 Ont. L. R. 116. One of a number of examples of the application of this rule is Morrison v. The Corporation of the City of Toronto, 12 Ont. L. R. 333, where plaintiff was so disabled as to make him incapable of giving notice on his own initiative, spontaneously, and unaided by any direction or instruction as to notice, and physically unable to serve such notice, and it was held he was excused. On the contrary, in Anderson v. The City of Toronto, 15 Ont. L. R. 643, where plaintiff suffered a sprained foot, occasioning great bodily suffering, it was said there was nothing to show he was physically and mentally incapacitated to give the notice or direct that it should be given. In Egan v. Saltfleet Twp., supra, where plaintiff was thrown forward astride a wagon tongue, confined to bed three weeks and suffered so that he could not sleep day and night, it was held there was nothing in his physical condition which would excuse the delay in giving notice, and ignorance of the law was not an excuse. In Fuller v. City of Niagara Falls, 48 Ont. L. R. 332, a case arising from a defective sidewalk, where because of severe pain plaintiff was incapacitated for her household duties, did not know it was necessary to give notice, and hoped to recover much more quickly, it was held this was not a sufficient excuse. In O'Connor v. City of Hamilton, supra, where it appeared plaintiff was confined to the hospital for more than the statutory period, with his only arm broken, his hip and leg bruised, and his shoulder swollen, and had his arm set twice within a few days, the lower court held he was excused from giving the notice. However, on appeal, this finding was reversed and it was held that plaintiff was under no disability except ignorance of the law, which could not excuse the omission,

and that the disabling circumstance must be mental or physical.

When we come to dealing with contracts made between the parties themselves, we find there is a strict construction and the parties are held to perform the act at the time designated by the contract, as in insurance company law, where the policy provided that no suit could be sustained thereon unless commenced within six months after the cause of action accrued, and it was held that after that time a suit was barred: The North Western Ins. Co. v. The Phœnix Oil & Candle Co., 31 Pa. 448; Warner v. Insurance Company of North America, 1 Walker (Pa.) 315; Schroeder, to use, v. The Keystone Ins. Co., 2 Phila. 286.

In dealing with accident insurance policies, it is held that the premium must be paid upon the appointed day, and upon failure to pay the same the contract is no longer in force: Cronkhite v. Accident Insurance Company of North America, 35 Fed. 26. And in dealing with life insurance contracts, it was held that the insurance company was released from liability on the failure of the insured to pay the premium when due: Klein v. New York Life Ins. Co., 104 U. S. 88, 26 L. Ed. 662.

In dealing with claims against an estate, it was held that failure to present the claim for payment within the statutory period barred recovery: Barrett's Estate, 54 Pa. Superior Ct. 124.

In dealing with the law authorizing the entry of judgment in default of an appearance, it was held that after the appointed day the court had power to give judgment for default in appearance, notwithstanding the court had power to review and open its judgments within the term: Dubois v. Glaub, 52 Pa. 238; Saupp v. Flanigan, 7 Dist. R. 604.

The Act of 1937, above referred to, gave plaintiff a period of six months within which to present her notice. This appears to us as a liberal allowance of time, and that

being the case, we should not extend the time by any strained construction of the term "reasonable excuse." The fact that plaintiff talked with the borough police officers and with a councilman, whom she informed of the accident and the manner in which she claimed it occurred, does not appear to us to be material. The act provides that the notice shall be filed in the office of the clerk or secretary of the municipality, and that it shall be in writing. This was a legislative provision, and it is not the duty or within the power of the courts to legislate by construction where the language of the act is clear and specific. As a condition precedent to plaintiff's right to enter suit on her claim for damages, she must give the notice required to the designated officer, unless relieved "upon a showing of a reasonable excuse for such failure": Rogers v. The Village of Port Chester, 234 N. Y. 182, 137 N. E. 19.

The Act of 1937 also provides that "Such notice shall be signed by the person or persons claiming damages or their representatives." This provision permits the plaintiff's calling to her assistance persons learned in the law, or others, to prepare and sign the required notice. It appears from the stipulation that plaintiff was not mentally incapacitated over a period exceeding one week, and it appears by her petition that she was discharged from the hospital 80 days after the date of the accident, and from that time traveled about with the aid of crutches or a cane. After being discharged from the hospital she had remaining at least a hundred days within which to give the notice, and made no effort to comply with the requirements of the Act of 1937 during all that time.

We have given this proceeding our careful consideration and, in view of what we have said, we do not believe plaintiff has offered the "reasonable excuse" required by the Act of 1937, and, notwithstanding the seriousness of her injuries, her petition must be dismissed.

And now, October 8, 1938, it is ordered that plaintiff's petition for leave to enter her action against The Borough of Canonsburg, notwithstanding her failure to give

written notice within six months from the date of her accident, as required by the Act of July 1, 1937, P. L. 2547, be dismissed at the cost of petitioner.