FRANCIS W. GREENE, Appellant, *v.* HOWARD DUNSCOMB et al., Constituting the Board of Trustees of the Village of Ossining, Respondents.

Argued June 20, 1939; decided July 11, 1939.

*Lawrence T. Gross, Jr.*, for appellant.

*John P. Powers, E. J. Dimock* and *A. S. Davis, Jr.*, for respondents.

LEHMAN, J. In January, 1939, the appellant, Francis W. Greene, was appointed Acting Police Justice of the village of Ossining. He requested the Board of Trustees of the village to adopt a resolution fixing his compensation in accordance with the provisions of section 184 of the Village Law (Cons. Laws, ch. 64). The Board of Trustees formally refused on the ground that " Section 184 of the Village Law is not applicable to the Village of Ossining, and that the compensation of the Acting Police Justice of the Village is governed by Section 145 of the Village Charter (chapter 667 of the Laws of 1910, as amended) which provides a per diem method of compensation." The controversy was submitted to the Appellate Division upon an agreed statement of facts. It rendered judgment in favor of the Board of Trustees, holding that the provisions of the village charter applied.

Some of the villages of the State have been incorporated under general laws. Other villages have been incorporated " under and subject to a special law." The Village Law of the State (Laws of 1909, ch. 64) is a revision of the general village laws and such laws were expressly repealed by the statute. It was not intended to repeal by implication special laws. Its effect on existing corporations was defined by article 16. Section 380 defined the " Effect of chapter on special villages," and provides: " A village incorporated under and subject to a special law, and each officer thereof, possesses all the powers and is subject to all the liabilities and responsibilities conferred or imposed upon a village incorporated under this chapter, or upon an officer thereof, not inconsistent with such special law." Section 381 defined the " Effect of revision on general villages." It provides that " the following villages are subject to the

provisions of this chapter, as if incorporated thereunder," and then it specified in separate subdivisions villages incorporated under four general laws which were expressly repealed by the new statute.

It is plain that section 380 applies only to villages incorporated under *special* laws which are not repealed. There the provisions of the special law continue to govern the powers, liabilities and responsibilities of the villages incorporated under the special law and of officers of such villages, where such provisions are inconsistent with the provisions of the general Village Law. The village of Ossining is not incorporated under a general law. Though incorporated in 1813 it received a new charter by special act of the Legislature in 1910, chapter 667 of the Laws of 1910. Section 381 applies only to villages specified therein, and as to those villages the provisions of the Village Law govern regardless of any provisions of the statute under which such villages were incorporated. As long as the village of Ossining was not included in the villages specified in that section, there could be no doubt that section 184 of the Village Law did not apply to it, for that section is inconsistent with section 145 of the statutory village charter.

The Legislature, by chapter 567 of the Laws of 1938, attempted to amend section 381 of the Village Law " by adding a new subdivision * * * to read as follows: 6. Villages incorporated under chapter six hundred sixty-seven of the laws of nineteen hundred ten, or the acts amendatory thereof and supplementary thereto." The appellant maintains that the effect of the amendatory statute is to make all the provisions of the Village Law apply to the village of Ossining and thus to repeal the village charter.

The amendatory statute, if valid, could by its terms apply only to the village of Ossining, for chapter 667 of the Laws of 1910 constitutes the statutory charter of Ossining, and no other village was or could be incorporated thereunder. The Constitution of the State provides that " no private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title." (Art. III, § 16 [now § 15].)

The title of the amendatory statute is: " An act to amend the village law, in relation to effect of revision on certain general villages," but its sole purpose is to include a single *special* village within the scope of a general law. The title fails to give any possible suggestion of that purpose. It is in that respect entirely misleading and, if the statute is " local," the mandate of the Constitution has, it is plain, been disregarded. (*Economic P. & C. Co.* v. *City of Buffalo*, 195 N. Y. 286; *Gaynor* v. *Village of Port Chester*, 231 N. Y. 451.) The question we must decide is whether the statute is local. If valid, by no possible construction can its scope be limited in manner which would leave in effect a section of the original charter of a " special village " inconsistent with the provisions of the Village Law and, if the statute is local, it is plainly invalid.

We have said that " if the act by its terms was applicable to a class, it did not cease to be general though the fact would appear, if extrinsic evidence were received, that it was local in effect. (*Matter of N. Y. El. R. R. Co.*, 70 N. Y. 327; *Matter of Church*, 92 N. Y. 15; *People* v. *Dunn*, 157 N. Y. 528, 540; *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377, 395.) Even then there was a point beyond which evasion was not suffered. Identifying tokens might be so many and particular that classification would find an end and designation a beginning. (*Matter of Henneberger*, 155 N. Y. 420.) There was here in this exception the germ of a doctrine more adapted to realities." (*Matter of City of New York [Elm St.]*, 246 N. Y. 72, 76.) Here extrinsic evidence is not needed to reveal the fact that the statute is local in effect. Though it purports to describe a class of villages, the description of the " class " is incomplete without reference to another statute, and that statute is applicable to a single village only. Thus not only in effect but even in terms the description when completed refers only to the village of Ossining. That is not " classification " but " designation." No fiction here beclouds the reality.

The judgment should be affirmed, without costs.

CRANE, Ch. J., HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment affirmed.