THE PEOPLE OF THE STATE OF NEW YORK on the Relation of HERMAN GOLDOWITZ, Plaintiff, v. MORRIS KARNES, Defendant.

Second Department, June 24, 1940.

*Arthur D. Brennan* [*Chester A. Slocum* and *James D. Hopkins* with him on the brief], for the plaintiff.

*I. Maurice Wormser*, for the defendant.

PER CURIAM. Submission of a controversy in the nature of a proceeding in quo warranto, with the formal consent of the Attorney-General of the State of New York, under sections 546–548 of the Civil Practice Act, in relation to the office of police justice of the village of Port Chester.

The defendant's purported appointment on April 25, 1940, may be sustained only in the event that the pertinent provisions of the Village Law (§ 88) have controlling application. They may have application only in the event that the Village Law provisions are not inconsistent with the provisions in the Charter █ of the Village of Port Chester. (Village Law, § 380.) They are plainly inconsistent and, therefore, the provisions of the village charter control. The purported appointment of the defendant Karnes was, therefore, invalid. The plaintiff was duly appointed on May 1, 1940, pursuant to the provisions of the charter and, therefore, is the legal incumbent of the office of police justice for the term beginning May 23, 1940.

Judgment directed for the plaintiff, as the duly appointed police justice for the year beginning May 23, 1940, without costs.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ.

Judgment unanimously directed for plaintiff, without costs.