WILLIAM B. WILKINSON, Plaintiff, *v.* HOWARD L. O'DANIEL, Defendant.

Supreme Court, Tompkins County, January 21, 1942.

MOTION by plaintiff for summary judgment.

*Gabriel N. Meckenberg,* for the plaintiff.

*Stagg, Thaler & Stagg* [*Louis K. Thaler* of counsel], for the defendant.

PERSONIUS, J. This is a taxpayer's action brought under section 51 of the General Municipal Law. The defendant is the county clerk of Tompkins county. He is a salaried officer. All the fees and emoluments of the office belong to the county.

The complaint alleges that the abstracts of title, listed in the complaint, were made by the defendant and that the fees therefor were not collected *in advance as required by law* and have not been paid. It further alleges that the performance of said services, without collecting the fees, was unauthorized, contrary to law and constitute a waste of the funds of the taxpayer. It demands judgment for the total amount of said fees, to wit, $855.65. Many of the abstracts are not certified and remain in the possession of

the defendant. Whether some have been certified and delivered is disputed.

It is not claimed that the defendant has *received* any of said fees but merely that he should have collected them in advance.

The decision of these motions depends on which statute applies. Does the general law apply or the special statute applicable to Tompkins county?

The plaintiff relies on section 174 of the County Law, as amended by chapter 413 of the Laws of 1926 and by chapter 250 of the Laws of 1941. This section was derived from section 3304 of the Code of Civil Procedure which was in effect in 1909 and previous thereto. It is here referred to as the " general law."

The defendant relies on a special statute applying to Tompkins county, chapter 298 of the Laws of 1909, as amended by chapter 143 of the Laws of 1939. It is here referred to as the " special statute."

Under the general law in effect in 1909 and previous thereto, all fees including those for searching title were " to be paid in advance." The special statute provides: " Such clerk shall require payment in advance for *recording all papers* left with him for record and shall also in each case, require payment (words ' in advance ' omitted) for all other services rendered by him  *  *  *. All the fees  *  *  * which such clerk shall *charge* or receive  *  *  * shall belong to the county of Tompkins." (Emphasis ours.) It seems clear that the special statute requires the Tompkins county clerk to collect fees " in advance " for recording papers only. The statute does not require payment *in advance* for other services, including searching of titles. It recognizes " charge " accounts.

Has this special statute been repealed, modified or superseded?

It was enacted in 1909. The general law, then section 3304 of the Code, was then in effect. It was carried into the County Law, section 174, without material change. The enactment of the special statute in 1909 repealed the general law in so far as the special statute applied and was in conflict. (1 McKinney's Cons. Laws, § 397, p. 429, citing *Rogers* v. *Village of Port Chester*, 234 N. Y. 182, 187, and other authorities.) It was in conflict as to the time of payment of fees for searching titles. The general law required them to be paid in advance, the special statute did not.

Subdivision 23, added to section 174 when it was transferred to the County Law, provides that subdivisions 1, 2, 11, 13 and 14 shall apply to all counties of the State outside of the city of New York, notwithstanding any local or special statute, but those subdivisions refer only to the *amount* of fees, not to the *time* of payment.

Chapter 143 of the Laws of 1939, amending the special statute, made no change as to the time of payment of fees. Furthermore, it provided that " section one hundred seventy-four of the County Law and any other general or special law in so far as they are *inconsistent* with the provisions of " the special statute " shall not apply to the office of the county clerk of the county of Tompkins and are superseded thereby." (Emphasis ours.) As we have pointed out, said section 174 is inconsistent with the special statute in so far as it requires payment in advance for searching titles. The general law in that respect, therefore, does not apply and is superseded by the special statute.

We conclude that the special statute is not repealed and that the requirements thereof for payment of fees in advance apply only to fees for *recording* papers. Even though the general law had been enacted *after* the special statute, a special statute " is not deemed repealed by a general act, unless it is clearly the legislative intent to effect such repeal." (1 McKinney's Cons. Laws, § 396, p. 422.) The contrary intent appears here. The difficulty of estimating and collecting fees in advance for searching titles is recognized by plaintiff's brief. Apparently it was recognized in drafting this special statute.

The theory of the complaint is that the defendant rendered services for which he should have collected fees in advance. That such was the plaintiff's theory definitely appeared from the argument of the motion. Holding as we do that he was not required to collect such fees in advance, and it being alleged that the defendant rendered the services without receiving fees, and it appearing that he has received no moneys which he had not accounted for and turned over, we think the complaint fails to state a cause of action.

The defendant urges other reasons for the dismissal of the complaint which we have not considered.

The plaintiff's motion for summary judgment is denied, with ten dollars costs, and the defendant's motion to dismiss the complaint and for summary judgment is granted, with ten dollars costs.

Submit order accordingly.