HON. GERALD HARRIS County Attorney, Westchester County
This is in response to your letter received on March 24, 1976, wherein you ask for an opinion of the Attorney General as to whether or not Westchester County Local Law No. 5 of 1971, authorizing the Westchester County Executive to make appointments to the Westchester County Traffic Safety Board subject to confirmation by the Westchester County Board of Legislators, prevails over the provisions of Vehicle and Traffic Law, § 1673.
Vehicle and Traffic Law, § 1672, provides:
 "Any county not wholly included within a city may by local law establish a traffic safety board for such county."
Vehicle and Traffic Law, § 1673(a), provides:
 "(a) Such board shall be composed of not less than ten nor more than twenty members interested in traffic safety and traffic problems appointed by the board of supervisors or other governing body of the county." (Emphasis supplied.)
Vehicle and Traffic Law, §§ 1672 and 1673 were enacted by Laws of 1959, chapter 775, effective October 1, 1960, as amended, and were derived from sections 1672 and1673 of the Vehicle and Traffic Law of 1929, as amended, by added Laws of 1958, chapter 770, § 2, which were repealed by Laws of 1959, chapter 775, effective October 1, 1960 (Vehicle and Traffic Law, § 214). Added Laws of 1958, chapter 770, § 2, contained similar provisions to those now found in the present Vehicle and Traffic Law, §§ 1672
and 1673.
Pursuant to the authority contained in Vehicle and Traffic Law, §1672, the County of Westchester enacted Westchester County Local Law No. 5 of 1971, which became a law with the approval of the County Executive on April 26, 1971 and was filed in the office of the Secretary of State on April 29, 1971. Said Local Law, in section 441(a), thereof contains this provision:
 "a. It is hereby established that the Westchester county traffic safety board shall be composed of ten members interested in traffic safety and traffic problems, appointed by the county executive subject to confirmation by the county board." (Emphasis supplied.)
Laws of 1937, chapter 617, provided for the County of Westchester a charter form of government. Said form of government, which was approved by the qualified electors of said County at the general election of 1937, was "in addition to any other alternate form or forms of government heretofore and hereafter provided by Law." (Laws of 1937, chapter 617, § 1.)
Laws of 1937, chapter 617, § 17, provides:
 "The county executive shall appoint to serve during his pleasure, except as otherwise provided in this act, and subject to confirmation by the county board, the head or acting head of every department and office and members of county boards and commissions." (Emphasis supplied.)
As a rule, a general act does not repeal by implication an inconsistent special act (McKinney's Cons. Laws of N.Y., Book 1, Statutes, § 396; also, Village of Deposit v. Vail, 5 Hun 310;Village of Deposit v. Devereux, 8 Hun 317; Greene v.Dunscomb, 281 N.Y. 261, 22 N.E.2d 365 [1939]; Rogers v.Village of Port Chester, 234 N.Y. 182, 137 N.E. 19 [1922];People ex rel. Goldowitz v. Karnes, 260 App. Div. 110,20 N.Y.S.2d 873, affd. 283 N.Y. 764, 28 N.E.2d 977 [1940]).
In Burke v. Kern, 287 N.Y. 203 (1941), the Court enunciated the axiomatic legal principle that a "provision applying generally to the State as a whole does not repeal by implication a special provision applying to a particular portion of the State."
People ex rel. Young v. Gulvin, 149 N.Y.S. 117 (Supreme Court, Ontario County, 1914), affd. 164 App. Div. 768, it was stated:
 "* * * Under the rules of interpretation, stated again and again, a special statute made applicable to one locality, or for a particular case, is not repealed by implication by a statute general in its terms and otherwise state-wide in its application, unless the intention of the Legislature thereby to do away with the local or exceptional law is manifest, although the terms of the general act would, but for the special act, govern the particular condition or case provided for by the special act. Matter of Comm'rs of Central Park, 50 N.Y. 493; Lewis v. City of Syracuse, 13 App. Div. 587, 43 N.Y. Supp. 455; Buffalo Cemetery Ass'n v. City of Buffalo, 118 N.Y. 61, 22 N.E. 962."
In Norris v. Mitrany, 233 N.Y.S.2d 552 (Supreme Court, Suffolk County, 1962), revd. on other grounds 21 A.D.2d 827, affd. 15 N.Y.2d 842, the Court in relating certain provisions of the Suffolk County Tax Act with provisions found in the Real Property Tax Law, stated that:
 "* * * repeals by implication are not favored and * * * a general statute will not repeal a more specific one 'unless there be patent inconsistency and the two cannot stand together, so that the Legislature is clearly shown to have intended such a result.'"
In 1974 Op. Atty. Gen. [Inf.] 295, we concluded that County of Westchester Local Law No. 3 of 1955, providing that the County Sealer of Weights and Measures shall be under the supervision and control of the Sheriff, was invalid, but that conclusion was premised on the ground that the field of weights and measures had been pre-empted by the State Legislature. The conclusion reached in that opinion is not applicable to the present question.
From all of the foregoing, we conclude that the Westchester County Board of Legislators may by local law, consistent with the provisions of the Westchester County Charter (Laws of 1937, chapter 617), authorize the Westchester County Executive to make appointments to the Westchester County Traffic Safety Board subject to confirmation by the Westchester County Board of Legislators.