HUGH A. LAVERY JR., ESQ. Village Attorney, Ossining
We acknowledge receipt of your letter in which you state that the Village of Ossining is a charter village, the charter being Chapter 667 of the Laws of 1910 (with some subsequent amendments) and that pursuant to section 10 of the charter the village justice is a village officer who, pursuant to section 140, is an appointive officer having a three-year term of office commencing on May 1 of the year of appointment and terminating on April 30 of the last year of the term. You state that no village justice has been appointed for the term which commenced May 1, 1977, but that an acting village justice has been appointed and is serving. You state that the village contemplates the abolition of the office of village justice and of the village court. You inquire whether that can be done under the provisions of Village Law § 3-301, subdivision 2, paragraph a which provides for continuation, creation and abolition of the office of elected village justice.
The New York Constitution, Article VI, § 17, subdivision b, provides, in part:
 "b. The legislature may * * * discontinue any village * * * court * * *."
The New York Constitution, Article IX, § 3, subdivision (a), paragraph (2), retains in the Legislature the authority to act in relation to the courts as required or provided by Article VI of the Constitution.
The Court of Appeals, construing the former Village Law in the case of Greene v. Dunscomb, 281 N.Y. 261 (1939), pointed out that the Village Law was a consolidation of the general laws of the state applicable to villages and held that the Charter of the Village of Ossining, being a special law, continued to be in force and effect in those respects in which it differed from the Village Law. The litigation arose in connection with certain portions of the charter relating to the office of village justice. See, also, for further interpretation of the general proposition, People ex rel. Goldowitz v. Karnes, 260 App. Div. 110, affd. without opinion 283 N.Y. 764 (1940).
The present Village Law § 23-2202 provides as follows:
"§ 23-2202 Exceptions
 "This chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance of any county, city or village charter, or other special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected." (Emphasis supplied.)
In our opinion, the provisions in the special act constituting the Charter of the Village of Ossining relating to the office of village justice in the Village of Ossining have not been superseded by the general provisions of the Village Law relating to that office; therefore, the provisions of the New York Constitution, Article VI, § 17, subdivision b are controlling and the only means by which the office of village justice in the Village of Ossining may be abolished is by act by the State Legislature.