■ MARY E. LUPINSKI, Doing Business as THE SMART SHOPPE, et al., Respondents, v VILLAGE OF ILION, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Defendant village appeals from an order denying a motion by it to dismiss the complaint for failure to state a cause of action. On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7) a liberal construction is applied in testing the adequacy of the pleading (see, e.g., *Coutu v Otis Elevator Co.,* 58 AD2d 131). Accordingly, all of the factual allegations in the complaint must be assumed to be true *(Brady & Co. v Concrete Plank Co.,* 56 AD2d 591) and the pleading is deemed to allege whatever cause of action can be implied from its statement by fair and reasonable intendment (see *Paul v Hogan,* 56 AD2d 723). Where a complaint, however, sets forth a cause of action for breach of contract, the provisions of the contract upon which the claim is based must be alleged

*(Berdych v Bell Aerospace Corp.,* 19 AD2d 582; *Crossways Apts. Corp. v Amante,* 213 App Div 430). Here, plaintiffs assert their status as third-party beneficiaries of an agreement between defendants village and the Ilion Urban Renewal Agency and a redeveloper, Edward W. Irish, Inc. Yet they fail to allege sufficient facts from which any obligation assumed by the village may be inferred. Nor do they assert facts from which a breach of any obligation upon which their claim is based may be inferred. Therefore, the cause of action against defendant village should have been dismissed. Furthermore, plaintiffs fail to allege compliance with section 341-b of the Village Law (now CPLR 9802). That section requires the timely filing of a written verified claim as a condition precedent to maintaining an action upon or arising out of a contract against a village. Absent special circumstances, failure to allege compliance with this provision requires dismissal of the complaint *(Alexander v Village of Tupper Lake,* 19 AD2d 939; see *Salesian Soc. v Village of Ellenville,* 41 NY2d 521; *Stage v Village of Owego,* 48 AD2d 985, affd 39 NY2d 1017; but see *Matter of Caruso v Incorporated Vil. of Sloatsburg,* 28 AD2d 679). Plaintiffs assert that section 341-b has no application where an action is brought against a village incorporated under a special charter. We disagree. Plaintiffs have not shown any provision in defendant village's special charter that is inconsistent with section 341-b of the Village Law and, accordingly, that section controls here (Village Law, § 380; see *Town of Cortland v Village of Peekskill,* 281 NY 490, 494; cf. *Greene v Dunscomb,* 281 NY 261; *Rogers v Village of Port Chester,* 234 NY 182; *People ex rel. Goldowitz v Karnes,* 260 App Div 110, affd 283 NY 764; but see *Collyer v President & Trustees of Vil. of Ossining,* 248 App Div 913). Inasmuch as the provisions of the Village Law apply and plaintiffs failed to plead and prove compliance therewith, Special Term erred in denying defendant village's motion to dismiss. (Appeal from order of Herkimer Supreme Court—dismiss complaint.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.