Erwin M. Blant, Esq. Corporation Counsel, Village of Port Chester
We acknowledge receipt of your letter in which you point out that the Village of Port Chester is a charter village, that the charter provides for an appointive officer designated as the superintendent of public works and spells out the duties of that office. You inquire whether your village by local law may abolish that office, create a new office of village engineer and place with the new office the functions and duties now assigned to the superintendent of public works together with additional functions and duties and, if so, whether a referendum is either authorized or required. You do not state the contemplated manner of selection of the new officer. You also ask if the village building inspector's function and duties may be consolidated with and assigned to the new office of village engineer without violating the present building inspector's constitutional and statutory Civil Service rights.
The Village Law is the charter of each village operating thereunder and is a revision of general village laws which have been expressly repealed but the Village Law does not repeal special laws such as village charters either specifically or by implication. Where those charters are inconsistent with the provisions of the Village Law they continue to govern the powers, liabilities and responsibilities of villages incorporated thereunder and of the officers of such villages (Green vDunscomb, 281 N.Y. 261 [1939]).
We find no prohibition in any general state statute against the proposed changes you mention and are not aware of any prohibitions in your village charter which would prevent them; on the contrary, Municipal Home Rule Law was passed to implement the authority provided in the New York Constitution Article IX granting home rule power to all local governments, including villages. The legislative intent and guidelines for its construction are spelled out in broad terms in Municipal Home Rule Law Article 6 (§§ 50 through 59).
Municipal Home Rule Law § 10, subdivision 1, paragraph (ii), subparagraph (a), clause 1 contains authorization for your village to abolish the appointive office of superintendent of public works and replace it with the office of engineer. If that new office is elective its creation is subject to a mandatory referendum under Municipal Home Rule Law § 23, subdivision 2, paragraph g and if the office is appointive and the power to appoint is not the same as for the old office, and/or if the power to appoint the building inspector is changed, a mandatory referendum is to be held under Municipal Home Rule Law § 23, subdivision 2, paragraph f because the local law would "abolish, transfer or curtail a power of an elective officer."
Municipal Home Rule Law § 24 lists local laws which are subject to a referendum on petition. Your proposed local law is not on that list.
As to whether the present building inspector must be retained in that position, you did not provide us with sufficient facts concerning the building inspector's present functions and duties and any contemplated change therein for us to reach a conclusion. We suggest that in regard to this aspect of your proposed local law you consult with the Westchester County Personnel Officer.
In our opinion the Village of Port Chester, a charter village having an appointive officer designated by the charter as superintendent of public works, whose duties are set forth in the charter, may amend its charter to abolish the office, create the office of village engineer, assign the duties of superintendent of public works to the engineer and also other duties, including those of building inspector; the local law is not subject to referendum on petition; it is not subject to mandatory referendum unless the new office is elective or it and/or the building inspector's position are to be filled by different elective officers than those who at present have the power of appointment of the superintendent of public works and of the building inspector.