WILLIAM C. BENEDICT, an Infant, by WILLIAM H. BENEDICT, His Guardian ad Litem, et al., Plaintiffs, *v.* UNION FREE SCHOOL DISTRICT No. 6, TOWN OF ONTARIO, Defendant.

Supreme Court, Trial Term,* Wayne County, March 7, 1945.

* See Special Rules for Seventh Judicial District in which it is provided that, except in the county of Monroe, contested motions may be heard on any day of the Trial and Equity Terms in the county in which the action is triable. — [REP.

*John W. Miles* for defendant.

*Gerald R. Barrett* for plaintiffs.

VAN VOORHIS, J. The action is brought by William C. Benedict, an infant, through his guardian ad litem, and by his father individually, to recover damages for personal injuries alleged to have been sustained by said infant on March 6, 1944, in the gymnasium of Ontario High School where he was a pupil. It is alleged that his leg was broken in consequence of negligence on the part of defendant school district.

The defect in the complaint on account of which defendant moves to dismiss the action is the omission of an allegation concerning the filing of claims with the School Board within three months after the accrual of the claims as required by section 858-a of the Education Law. It has been stipulated that a claim was filed in behalf of both plaintiffs and that the complaint may be deemed to be amended so as to set forth the claim as filed. The issue upon the pending motion resolves itself into the sufficiency of the claim. No objection has been made to the form of the claim insofar as it refers to the infant's cause of action, nor to the portion of the father's cause of action which is to recover for medical and hospital expenses. The defendant maintains, however, that the claim makes no reference to loss of the boy's services by the father during minority and that is the question to which the motion is addressed.

Probably a claim filed in behalf of the infant alone would be insufficient to lay the foundation for an action by the parent. (*Fox* v. *Village of Fleischmanns,* 178 Misc. 454.) Here, however, the claim which is before the court asserts that both father and son have claims against the school district, and that both intend to sue. The claim alleges that the son "has suffered great pain and will in the future continue to suffer pain from the injury described, and, on information and belief, will be permanently partially disabled as a result thereof." That statement, which is made in addition to the allegation of medical and hospital expenses, is not set forth in the claim in behalf of the son alone. The inference is that the father also has been

damaged by reason of his son's disability. Loss of services was evidently included in the lump sum of $5,000 which father and son are stated in the claim to have sustained.

Statutes requiring the filing of such claims against municipal corporations and political subdivisions have frequently been considered by the courts. "Under these laws at least four points must be sufficiently covered. The time, place, circumstances of the occurrence and the character of the injury sustained. * * * A substantial compliance with the statute, according to the weight of authority, is all that is required, and the notice need not be drawn with a technical nicety necessary in pleading. At least a reasonable compliance as to the contents of the notice, considering the object of the law, is all according to most of the judicial decisions that should be exacted." (6 McQuillin on Municipal Corporations, § 2895; *Weinstein* v. *City of New York,* 156 App. Div. 541.) In *Schwartz* v. *City of New York* (250 N. Y. 332) the court, after stating that substantial compliance is adequate, added that all that is required is enough to enable the municipality to investigate the claim. " A requirement of greater particularity might defeat an honest claim; it could afford no needed protection to the city against a dishonest claim." (*Purdy* v. *City of New York,* 193 N. Y. 521.) As pointed out in the above quotation from McQuillin, and stated also in *Denecke* v. *Property Collaterals, Inc.* (279 N. Y. 105), the important thing is to set forth notice of the circumstances of the injury.

Under the statutory provision applicable to this case (Education Law, § 858-a) all that is essential is that a verified claim shall have been presented " upon which such action or special proceeding is founded ". In this instance the time, place and circumstances of the accident are set forth in detail and the nature of the injury is described as a broken right leg with a spiral fracture. It is difficult to see what more should have been required. There is express mention in the notice of claim as filed that the father intended to commence an action for damages sustained by him by reason of the personal injuries to his son. A claim for personal injuries in such case is understood to include loss of services. (*Brustein* v. *New Amsterdam Casualty Co.,* 255 N. Y. 137.) The school district had ample information to investigate the claim.

The motion to dismiss the complaint is denied, but, without costs, in view of the original omission to allege the filing of the claim. It is stipulated that the necessary amendment of the

complaint may be deemed to have been made provided that it is limited to the claim as it actually was filed. That includes, it is assumed, setting forth the statutory requisite that the defendant has neglected or refused to make an adjustment of plaintiffs' causes of action for thirty days after presentation of their claim.