## (November 26, 1963)

■ CLARENCE ALEXANDER, Doing Business as SARANAC CONSTRUCTION COMPANY, Respondent, v. VILLAGE OF TUPPER LAKE, Appellant.— Appeal from an order of the Supreme Court at Special Term which denied defendant's motion to dismiss for insufficiency the complaint in an action brought to recover the amount of the check which plaintiff deposited with his bid for a construction contract as assurance that he would enter into the contract, should he become the successful bidder, and would furnish security for faithful performance. Plaintiff was awarded the contract and signed it but the defendant village refused to allow him to perform it inasmuch as he failed to provide the performance bond required by the bid specifications. The complaint is deficient in failing to allege compliance with section 341-b of the Village Law, applicable to an action "upon or arising out of a contract of the village". Plaintiff characterizes the action as for money had and received and as predicated upon unjust enrichment, but the conclusion that it is one "arising out of a contract" is inescapable. As was said of the contract constituted by the advertisement and the bid in a case not otherwise in point, the contract "remained and the deposit, under the notice to bidders, was a part of that contract." (*Brendese* v. *City of Schenectady*, 194 Misc. 150, 155, affd. 273 App. Div. 831, affd. 297 N. Y. 965.) Order reversed and motion granted, without costs and without prejudice to plaintiff's right to serve an amended complaint. Settle order. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.