WA-WA-YANDA, INC., Respondent, v. TOWN OF ISLIP, Appellant.— In an action to recover damages for breach of covenants in a lease, defendant appeals from an order of the Supreme Court, Suffolk County, entered March 24, 1965, which granted plaintiff's motion for summary judgment and directed an assessment of damages. Order reversed, with $10 costs and disbursements; motion denied; and summary judgment granted to defendant. Subdivision 3 of section 65 of the Town Law requires that a notice of claim be filed with the Town Clerk within 6 months after a cause of action arising out of contract has accrued, and that the action must be brought within 18 months after such accrual. The cause of action alleged in the complaint accrued upon the refusal by the Building Inspector on February 6, 1961 to grant a permit to construct and install gasoline tanks, pumps and related equipment under the lease between the parties (*Municipal Serv. Co.* v. *Town of Colonie*, 12 A D 2d 22, 24). The 6-month period for filing the notice of claim accordingly ended on August 6, 1961, and the 18-month period for commencing the action ended on August 6, 1962. The complaint states that the notice of claim was not filed until February 18, 1964, and the action was not commenced until September 22, 1964. The timely filing of the notice of claim and commencement of the action are conditions precedent to the maintenance of the action. Hence, it is clear that the complaint does not state facts sufficient to constitute a cause of action, that plaintiff's motion for summary judgment should have been denied and that the complaint should have been dismissed pursuant to CPLR 3212 (subd. [b]). Christ, Acting P. J., Brennan, Hopkins and Benjamin, JJ., concur; Hill, J., dissents and votes to affirm the order.