◼ In the Matter of JOHN W. CLARK, as Deputy Chief of Police of the City of Utica, Appellant, v. HILLARD J. TRUBITT, as Commissioner of Public Safety of the City of Utica, Respondent.— Appeal unanimously dismissed as academic, with costs to appellant. Memorandum: Upon the argument of this appeal attorneys for both parties agreed that the appeal has become academic inasmuch as the respondent no longer holds the position of Commissioner of Public Safety and has left the State to return to a teaching position at the University of Indiana. We are therefore dismissing the appeal, but are awarding costs to appellant under the authority rested in us by CPLR 8107. It is apparent that at the time appellant was organizing his record on appeal respondent's attorney, as Assistant Corporation Counsel of the City of Utica, knew that respondent would vacate his position and depart the State before the appeal could be argued. Instead of relaying this information, to appellant's counsel and relieving him of the necessity of printing a record, the attorney insisted that a voluminous record be printed and compelled appellant's attorney to obtain an order from an appellate court Judge permiting him to hand up the transcript of an arbitration hearing as an exhibit in order to avoid reproducing it. In these circumstances, an award of costs to appellant is appropriate. (*Benelli* v. *Benelli*, 19 A D 2d 829.) (Appeal from order of Oneida Special Term denying motion for injunction.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Moule, JJ.

◼ In the Matter of PERRY E. WILLIAMS, Appellant, v. NEW YORK STATE BOARD OF PAROLE, Respondent.— Appeal unanimously dismissed as academic. Memorandum: Petitioner has accepted parole and was released on August 6, 1968. (Appeal from order of Erie Special Term denying, without a hearing, application for show cause order.) Present — Goldman, P. J., Del Vecchio, Witmer and Gabrielli, JJ.

◼ LATHRON, INC., Respondent, v. VILLAGE OF LE ROY, Appellant.— Order unanimously reversed, motion granted and complaint dismissed, all without costs. Memorandum: The record clearly shows a lack of compliance with the requirements of section 341-b of the Village Law. It is abundantly clear that plaintiff's cause of action, spelled out and limited by its bill of particulars, accrued no later than 1964. (*Kinner* v. *Board of Educ. Cent. School Dist. No. 1*, 6 A D 2d 204, affd. 9 N Y 2d 845.) Thus the 1967 filing of the claim and subsequent commencement of the action were not timely. (See *Northampton Constr. Corp.* v. *Village of Ocean Beach*, 8 A D 2d 979; *Municipal Serv. Co.* v. *Town of Colonie*, 12 A D 2d 22, app. dsmd. 9 N Y 2d 753). (Appeal from order of Genesee Special Term denying motion to dismiss complaint in action on construction contract.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Moule, JJ.