JOHN J. STAGE, Doing Business as STAGE CONSTRUCTION COMPANY, Respondent, v VILLAGE OF OWEGO, Appellant.—Appeals from (1) an order of the Supreme Court at Special Term, entered August 24, 1972 in Tioga County, which denied defendant's motion for partial summary judgment to dismiss the plaintiff's second cause of action, and (2) from a judgment of the Supreme Court in favor of the plaintiff, entered November 21, 1974 in Tioga County, upon a decision of the court at a Trial Term, without a jury. On December 24, 1964 the plaintiff entered into a contract with the village to install sewer lines. The plaintiff's construction was to commence within 10 days thereafter. However, the village had not then obtained certain necessary easements and permits. The trial court has found that, as a result, the plaintiff was required to work in areas where additional expenses were incurred due to the presence of deeper frost in the ground. The failure of the defendant to obtain the necessary easements and permits with the resultant unexpected expenses related to frost occurred between January and March of 1965. The certificate of final completion was issued on January 31, 1967 and the plaintiff's notice of claim for the above-mentioned additional expenses was filed on September 21, 1967. The claim for the additional expenses was included in the plaintiff's second cause of action. The plaintiff's first cause of action sought the balance due under the contract and the trial court, after making certain adjustments to the amount due in that cause of action, awarded the plaintiff $4,156.60 thereon. The defendant, as a counterclaim, sought to recover for the costs of certain repairs which it made to its streets following the issuance of the certificate of completion on January 31, 1967. In this regard the trial court only allowed such expenses as were proven to have been incurred by the defendant during the period of one year after the final date of completion. The primary issue upon this appeal is whether or not the plaintiff, in order to maintain its cause of action, was required to prove that a written verified claim had been filed within one year after the cause of action for additional expenses accrued. Former section 341-b of the Village Law (now CPLR 9802) specifically requires before the maintenance of an action based upon a contract, that a written verified claim is to be filed within one year after the cause of action shall have accured. In the case of *Alexander v Village of Tupper Lake* (19 AD2d 939) this court recognized that the notice require-

ments of section 341-b were a condition precedent to the establishment of a cause of action by requiring that it be alleged in a complaint against a village. (But see, *Caruso v Incorporated Vil. of Sloatsburg*, 35 AD2d 988, 989 [where it was held that the said section is not a condition precedent to a cause of action].) The present record establishes that the actual breach occurred in 1965 and the contract has no provisions which would prevent a cause of action from accruing at the time when the breach occurred. The plaintiff's contention upon this appeal that the cause of action did not accrue until January 31, 1967 is without any support. The present record demonstrates that there was a failure of proof on the part of the plaintiff as to the required notice and that section 341-b is a bar to the claim for damages asserted in the plaintiff's second cause of action. Accordingly, Special Term erred in denying the defendant's motion for partial summary judgment striking the second cause of action and the trial court erred in allowing damages based upon that cause of action. In this particular case the plaintiff guaranteed that, for the period of one year following the completion of the contract (issuance of final certificate of completion), it would make any necessary repairs resulting from defective workmanship and/or materials. Specifically, the guarantee provided as follows: "The Contractor shall guarantee all materials and workmanship for a period of one year from the date of the final certificate. The Contractor shall comply with the guarantee by replacing defective materials or workmanship promptly. The Contractor shall indemnify the Owner for all costs incurred by the reason of failure to do so. The Performance Bond furnished by the Contractor shall remain in effect during this period." It is apparent from the face of the guarantee that the owner (defendant) was only entitled to indemnity if the contractor failed to replace defective materials or workmanship promptly. The trial court found that the defendant had adequately informed the plaintiff of defects and its action in repairing the work prior to the expiration of the guarantee, but the record is devoid of any evidence that there was notice to the plaintiff of any defects which had not been repaired prior to the expiration of the guarantee. Accordingly, the defendant was properly denied damages and/or offset for defects which it alleged to be existing as of the expiration of the guarantee but not yet repaired. Order reversed, on the law, and motion granted, without costs; judgment modified, on the law, by reducing the amount thereof to the sum of $4,156.60, together with appropriate interest, and, as so modified, affirmed, without costs. Settle order on notice. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.