Lawrence J. Bracken, J.
In this matter tried before me *147 without a jury, the plaintiff, Paul A. Dour, as to the first cause of action sued the Incorporated Village of Port Jefferson for certain work, labor and services alleged to have been performed for and on behalf of the said village and in accordance with a certain alleged contract to provide such services. In addition, the plaintiff sued the individual defendants, of whom, at the time of trial, only the defendants, Sandra Swenk and Marie Donaldson, were still parties, alleging that as a result of a conspiracy between the individual defendants the said plaintiff was deprived of his just payment for the services as allegedly rendered and the said plaintiff also sought punitive damages and attorneys’ fees as a result of such alleged malicious conspiracy to so deprive.
At the completion of the plaintiff’s case, upon motion made for and on behalf of the said individual defendants, this court dismissed the second, third and fourth causes of action upon the basis that there existed no evidence as would establish that the plaintiff, prima facie, had proven any right to so recover of the individual defendants. This left remaining for determination the first cause of action for work, labor and services.
The plaintiff, Paul A. Dour, is a licensed engineer and has had professional relationships with the said Village of Port Jefferson, the defendant herein, since its inception as an incorporated village.
Over a period of years, commencing in or about 1963, the plaintiff has performed many engineering services for and on behalf of the said village in a supervisory capacity and, pursuant to certain retainers for services, has billed the said village on many occasions and has received payment for the work, labor and services so performed.
In the instant matter, on or about the 19th day of January, 1973, in response to a request of the board of trustees of the said village, Mr. Dour furnished a certain letter proposal involving the development of a recreational area located on the north side of Caroline Avenue, from Barnum Avenue to Brook Road, in the incorporated limits of the village. As part of this project, a certain proposed recreation building was involved, as well as site development. The aforesaid letter proposal set forth the proposed fees for such services to be rendered by the plaintiff.
While there is no indication of any formal acceptance of the proposal, on January 24, 1973 the plaintiff was paid a $1,800 *148 retainer and by purchase order dated February 15, 1973, the said plaintiff was retained by the village to perform preliminary engineering work, both on site development and for the preparation of preliminary plans involving the recreation building at the aforesaid site.
In or about the 4th day of May, 1973, the said plaintiff, Dour, submitted vouchers for the completion of the preliminary plans on the said proposed recreation building, as well as a voucher involving the site development of the proposed Caroline Avenue project. The said voucher as rendered was computed at 4% based upon an estimated cost of $75,000 and reflects the percentage method of determining his fee as set forth in the original proposal of January 19, 1973. On May 19, 1973, by formal vote of the board of trustees at a meeting held on that evening, the board of trustees directed that the plans with respect to the recreation building be expeditiously finalized and, pursuant to such approval, the village clerk notified the plaintiff concerning the drawing up of the final plans for the said Caroline Avenue recreation building.
Plaintiff, Dour, then undertook to prepare the said final plans for the proposed building and testified that the same were completed somewhere near the end of June, 1973. Thereafter, at a regular business meeting held July 11, 1973, the board of trustees adopted a resolution suspending all work concerning the said proposed Caroline Avenue recreation building, called for review of all proposals for such a structure, and by memorandum dated July 12, 1973, the said plaintiff was duly notified of this action.
I find, based upon the fair preponderance of the credible evidence, that the final plans were completed by the said plaintiff in or about the end of June, 1973.
Subsequently nothing was done with respect to any further plans or construction with respect to the Caroline Avenue recreation building. The plaintiff testified that from the period July 12, 1973 until June 18, 1975, he had occasion to discuss this matter with various members of the board of trustees on an informal basis and, in particular, Mr. Walter Berndt and Mr. Gary Katica. At no time, however, was any formal claim made to any board of trustees of the village by the plaintiff until his claim voucher in the amount of $4,000, dated June 18,1975, which said voucher was not honored. Subsequently a notice of claim dated July 17, 1975, in accordance with the pertinent provisions of the General Municipal Law was filed *149 with the village, and this action was commenced in November, 1975.
The initial questions for determination are whether or not there existed a contract between the plaintiff, Dour, and the municipality in this instance, and, if so, whether said contract was entire on its face or severable. Addressing myself to the latter question, whether a contract is entire or severable, in this particular instance, is a question of fact (Ming v Corbin, 142 NY 334). The primary criterion for determining this question of severability also is the intention of the parties as determined by a fair construction of the terms and provisions of the contract itself, of the subject matter to which it has reference and a taking into account of the circumstances involved in the entire transaction (Rudman v Cowles Communications, 30 NY2d 1; Pierson v Crooks, 115 NY 539).
In the within instance the letter proposal of January 19, 1973 set forth certain stages of activity as well as the amounts to be paid with respect to such stages. The retainer of January 24, 1973 and the subsequent purchase order, while in some respects modifying the original written proposal of the plaintiff, were nevertheless accepted by both plaintiff and defendant, village, as is reflected by the payment of the voucher of May 4, 1973 for the said preliminary work as anticipated both by the written proposal of January 19, 1973 and the aforesaid purchase order of February 15, 1973.
There is no question in my mind that there was a valid contract between the parties, which contract was severable, that is, susceptible of division and apportionment, and there is no question that the plaintiff was being called upon to perform several distinct and separate services, with the price for such services to be apportioned to such items as completed (Ming v Corbin, supra; Matter of Rogers v Graves, 254 App Div 467, revd on other grounds 279 NY 375). There is likewise no question that there may be recovery upon a contract for part performance thereof where the said contract is severable in nature (Alden Speare’s Sons Co. v Casein Co. of Amer., 122 App Div 22).
While the defendant, village, in no way disputes the fact that the plaintiff, Dour, undertook to provide services in accordance with the original letter proposal as modified by the purchase order, and while the village does not dispute that the said plaintiff was entitled to receive that amount for services rendered as contained in the aforesaid voucher of *150 May 4, 1973, it is the village’s contention that since no purchase order had been allocated for the final plans and specifications of the aforesaid recreation building, the plaintiff had no right to proceed with the said final plans, that such act on his part was gratuitous, without legal right, and that therefore the said defendant is not obligated to pay for such work, labor and services.
What we have in this particular matter is a formal resolution of a board of trustees in the village which authorizes the finalization of certain plans for a building to be erected on village property for recreational purposes. Clearly there is no question that a board of trustees has the right to so adopt such a resolution. (Village Law, § 4-412; General Municipal Law, § 242.) In conformance with such resolution, the village clerk (and it can only be assumed that this was done at the direction of the board of trustees), notified the plaintiff to proceed with the finalization of the said plans in question. I am not persuaded that, because the village did not furnish the plaintiff in this instance with a purchase order, his rights pursuant to the aforesaid contract must be defeated. Clearly, the doctrine of equitable estoppel may apply to a municipality as well as to an individual, and by conduct a municipality may be estopped from claiming that an individual has no right of action, (Planet Constr. Corp. v Board of Educ., 7 NY 2d 381; Vanderweghe v City of New York, 150 Misc 815, affd 242 App Div 762; People ex rel. Patterson v Board of Educ., 269 App Div 39, mod 295 NY 313). This is not to say that a mere acceptance of benefits by a municipality under contract made without authority estops a municipal corporation from challenging the validity of such contract and from denying liability for materials furnished, or labor or services rendered, where such contract is not made or ratified by a board or officer acting under authority conferred by and in the manner prescribed by law (Seif v City of Long Beach, 286 NY 382; see, also, Sorensen v City of New York, 202 F2d 857, cert den 347 US 951).
Where, however, the subject matter of a municipal action is not ultra vires, illegal or prohibited, the doctrine of equitable estoppel is available against it in proper cases (Salmon v Rochester & Lake Ontario Water Co., 120 Misc 131). To put it succinctly: "A distinction is recognized between acts of the municipality or governing body which are not within the scope of its general power, and such as may be open to *151 objection that they are lacking in some technical and formal regularity in their adoption, or that there has been a nonobservance of some collateral act or formality prescribed, not jurisdictional in character. While the former are clearly and always void, the latter, if they lead to a perpetration of a fraud upon contracting parties acting upon the faith of the laws and ordinances apparently regular and valid, will be binding on the municipality, and it must be estopped to deny their validity.” (21 NY Jur, Estoppel, Ratification, and Waiver, § 80, p 118.)
In the within instance there is no doubt that the said board of trustees was authorized to direct the finalization of the plans in question; there is no question that the plaintiff was so notified of the board’s approval, and there is no question that in reliance upon such approval the plaintiff proceeded to prepare the plans in question. Accordingly, I find that the said defendant, village, is estopped to deny the existence of a valid contract and the right of the plaintiff to seek compensation in accordance with his performance thereon.
We turn now to the crux of this entire case, which is the affirmative defense raised by the defendant, village, addressed to the failure of the plaintiff to comply with CPLR 9802. CPLR 9802 provides that with respect to any contract action against a village, the action must be commenced within 18 months after its accrual, and a written notice of claim must be made within one year after the action has accrued. It further provides that the failure to present such claim or to commence such action within the respective periods of time shall constitute a bar to any claim. In interpreting section 341-b of the former Village Law (now in its substantial language CPLR 9802) it has been held that the failure on the part of a party to comply with the said section is an affirmative defense to be raised in an answer of a defendant and does not constitute a condition precedent to be included in the complaint (Caruso v Incorporated Vil. of Sloatsburg, 35 AD2d 988; O’Connell Elec. Co. v Village of Macedon, 197 Misc 22 [but see Stage v Village of Owego, 48 AD2d 985, which holds that the notice requirements of § 341-b of the Village Law (now CPLR 9802) were a condition precedent to the establishment of a cause of action]).
The notice of claim in this instance was served by the plaintiff in July, 1975, some two years after his being notified that all activity with respect to the project in question was to be suspended, and the action was commenced in November, *152 1975. Since the work and services in question had been rendered as at the time plaintiff was so directed to suspend his activity, he was entitled to payment for such work and services, and the within cause of action had accrued as at that time; that the rejection of such claim was not had until June, 1975 is not the controlling factor (Lathron, Inc. v Village of Le Roy, 33 AD2d 642, affd 28 NY2d 613). Since this is the case, the failure upon the plaintiff to comply with the aforesaid statutory provisions would act as a bar to this action, unless the testimony established that there was such action on the part of the defendant, village, as would serve to toll the aforesaid Statute of Limitations.
In this respect the plaintiff, by his own testimony and by the testimony of certain former members of the board of trustees, namely, Mr. Berndt and Mr. Katica, has established that he was advised informally by the gentlemen in question, as well as by other members of the board, that he should withhold the presentation of his formal claim to the said board of trustees, until such time as such presentation would be favorably received and handled in a propitious manner. It is his claim, therefore, that the defendant, village, is bound by the actions and representations made by these former trustees to him as a result of which he forebore to present his formal claim.
There is no question that a municipality cannot be estopped by the unauthorized actions of its officers and employees, nor may a municipal employee or officer bind the said municipality by virtue of the doctrine of equitable estoppel; in essence, a municipality is not liable for the unauthorized statements or representations made by such officers and/or employees regardless of position (Seif v City of Long Beach, 286 NY 382, supra; Matter of Janosko v Kross, 27 Misc 2d 210; Schuster v City of New York, 207 Misc 1102, affd 286 App Div 389, revd on other grounds 5 NY2d 75; Brill v Wagner, 5 Misc 2d 768).
In this regard, the trustees of the village can act only in proceedings as prescribed at a formal session of the board, and individual members of the said board of trustees have no power to act for and on behalf of said village (People ex rel. Mershon v Shaw, 34 App Div 61). Any informal statements made, therefore, by any of the board of trustees, were not binding upon the said village and in no way could serve to toll the said Statute of Limitations as contained in CPLR 9802.
Based upon the findings hereinbefore made, the defendant *153 failed, to establish by a preponderance of the credible evidence its first affirmative defense, that the plaintiff’s action is barred by section 5-701 of the General Obligations Law; its third affirmative defense, that no cause of action is stated in the plaintiff’s complaint; its fourth affirmative defense that the plaintiff failed to comply with article 5 of the Village Law because of his failure to obtain a purchase order; its fifth and sixth affirmative defenses that the plaintiff is barred from recovery since loches and equitable estoppel resulted because of his failure to obtain a purchase order and his delay in submitting a voucher for a period of two years.
The defendant has sustained its burden of proving its second affirmative defense that plaintiff’s action is barred by the Statute of Limitations as provided in CPLR 9802 since the plaintiff failed to comply with the 18-month Statute of Limitations as provided therein, and also since the plaintiff failed to file a notice of claim within one year pursuant to section 50-e of the General Municipal Law, measured from the date of accrual of plaintiff’s cause of action which, for this determination, this court establishes as July 12, 1973. Since the second affirmative defense has been sustained, the first cause of action for and on behalf of the plaintiff and against the defendant, village, is dismissed.
Settle judgment dismissing the complaint.