Albert M. Rosenblatt, J.
This is a motion by the town board for an order dismissing the plaintiff’s complaint for attorney’s fees, on the ground that the plaintiff did not comply with the notice of claim requirements found in section 65 of the Town Law.
In essence, subdivision 3 of section 65 provides that no contract action may be maintained against a town unless a written verified claim is filed within six months after the accrual of a cause of action.
The action at bar was commenced within the six-month period. The question — unique to town law and almost unique to New York municipal law — is whether the commencement of the action itself (by verified complaint within the six-montl period) is tantamount to section 65 (subd 3) notice. The court holds that the plaintiff has satisfied the statutory condition by having started his lawsuit with the service of a verified complaint within three weeks after his bill for legal fees had been rejected.
It is undisputed that:
(1) The plaintiff performed legal services in defense of certain members of the town board, in lawsuits commenced against them in 1969 by Ben and Marie Surico.
(2) The members of the town board, as litigants represented by plaintiff, appeared at an examination before trial, accompanied by plaintiff himself, on August 15, 1969. From the inception to the conclusion the plaintiff appeared for the members of the town board and performed extensive legal services for them in a stormy and prolonged litigation marked by a plethora of procedural activity. The actions were discontinued on November 7, 1972 and January 31, 1973.
(3) The plaintiff wrote to the town board members "pleased to inform” them that his representation resulted in the discontinuances. He enclosed his bill dated March 12, 1973.
*493 (4) The bill was refused by the town board by letter dated June 12, 1973; the action was commenced by verified complaint dated June 21, 1973, and served on June 27, 1973.
(5) In its fourth affirmative defense the town board avers that the plaintiff, in the Surico actions, represented the town board members in an individual capacity, and that therefore the town board itself is not liable.
(6) Neither the town board nor the individual members have paid for the legal services.
A chief purpose of a notice of claim statute is to acquaint the municipality with the existence of claims so that they may be investigated before proof grows stale. It enables the governmental unit to examine the claim, lest they be surprised by the initiation of a lawsuit long after meaningful inquiry and defense opportunity has deteriorated. (Matter of Bd. of Educ. [Wager Corp.], 37 NY2d 283, 289.) Statutes of this kind are common at all governmental levels, throughout the land. (See, generally, 17 McQuillin, Municipal Corporations, § 48.02; Salesian Society v Village of Ellenville, 41 NY2d 521.) Furthermore, the power to exact compliance is a well settled and entirely acceptable premise of municipal litigation. (State v Village of Owego, 39 NY2d 1017; Cioffi v Giannone, 56 AD2d 620.)
But where the statutory objective of notice has been fully met by the service of a verified complaint, the statute’s bar would serve no legitimate purpose and would merely convert a sensible rule into a blindly technical barrier, depriving a litigant of his day in court.
Notably, subdivision 3 of section 65 of the Town law contains no standards as to the form of the notice of claim, save that it be verified. It then falls to the courts to measure the degree of compliance, to determine substantiality, and to interpose suitable and "worthy judicial responses” to avert a needlessly harsh result (2 Antieau, Municipal Corporation Law, § 16.09). Because the statutory notice of claim requirements are in derogation of common law, they should not be so strictly construed as to foreclose plenary adjudication. (Eggleston v Town of Chautauqua, 90 App Div 314, 317, affd 183 NY 514.) The rule of substantial compliance is particularly apt here, not only as a general precept in notice of claim cases (Matter of Powell v Town of Gates, 36 AD2d 220; McIntee v City of Middletown, 80 App Div 434, 437) but because there is not, nor can there be, any claim of surprise or lack of written *494 and sworn timely notice. Indeed, it is ironically unnecessary to go beyond the language of those courts which have held that a notice of claim need not rise to the fastidious level of a pleading, (Benedict v Union Free School Dist. No. 6, Town of Ontario, 184 Misc 671), because, being a pleading, it has risen to precisely that level. In so doing it has, by its timing and form, eliminated any serious claim of prejudice, which, though not controlling, is relevant in considering the statutory scheme. (Soules v City of Rochester, 10 AD2d 362.)
There is nothing directly on point under the Town Law, but the analogous provisions of section 50-e of the General Municipal Law have produced one decision, Quintero v Long Is. R. R. (31 AD2d 844), in which it was held. that the service of a complaint met the statutory requirements of a notice of claim.
The gradual erosion of the rigidity of the notice statutes has been seen in recent legislative attitudes by which section 50-e of the General Municipal Law was relaxed (L 1976, ch 745), and in kindred judicial interpretations (e.g. Schiavone v County of Nassau, 41 NY2d 844; Smalls v New York City Health and Hospitals Corp., 55 AD2d 537; Nolan v County of Otsego, 55 AD2d 422).
Absent analysis, it may appear that a ruling allowing prosecution of the instant claim would be inconsistent with early decisions of nearly a century ago, which hold the filing of a notice to be prerequisite to a litigant’s right to start a lawsuit against a municipality, even though the action is commenced within the statutory period prescribed for giving the written notice. (Bauer v City of Buffalo, 44 NY St Rep 814; Merz v City of Brooklyn, 33 NY St Rep 577, affd 128 NY 617.)
However, a study of those cases reveals that they are not out of harmony with this court’s result. To begin with, as noted hereinabove, there has been a definite withering of the strict standards of notice statutes. Secondly, there should be a distinction drawn between contract and negligence actions against municipalities, because the prescribed notice of claim is far more important in a tort action than it is in an action in contract — particularly where the Town Board was privy to the proceedings from the very beginning. Tort actions against municipal authorities usually arise from acts and circumstances about which the governing authorities have had no prior knowledge, whereas in a contract dispute there have ordinarily been, as there was here, prior dealings between the municipal authority and the claimant. The issue of knowledge *495 is central to the rationale for notice of claim statutes. This has been recognized from the earliest times. In Arthur v Village of Glens Falls (66 Hun 136) the court said (p 138): "Actions against municipal corporations are generally brought for some negligent act of subordinate officers or servants of the municipality committed without the knowledge of the governing authorities.”
The typical lack of knowledge on the part of the municipal authority is clearly not a factor in this contract action. Therefore, the notice of claim loses all but technical significance in the case at bar. Moreover, the plaintiff sent an unverified notice of claim immediately followed by a verified complaint which was also served within the six-month period. It seems just and sensible to combine the unverified notice of claim and the verified complaint — both concededly served within the six-month period — to find substantial compliance with subdivision 3 of section 65 of the Town Law.
Finally, the court notes an additional statutory requirement that the complaint may not be served until 40 days after the filing of the notice of claim. The court views any failure to abide the 40 day period as nonjurisdictional and, here, trivial. The jurisdictional aspect of subdivision 3 of section 65 is that the verified claim be filed within six months after the cause of action shall have accrued, and that the action itself be commenced within 18 months after it shall have accrued. The 40 day requirement does not cut off a person’s right to sue, but exists merely to give the municipality an opportunity to review the claim, and attempt to settle it. Under the facts of this case, the Town Board had that opportunity.
It would be a needless reverence for form over substance, to now hold that the claimant be defeated without a trial merely because he filed his verified complaint too early, notwithstanding that he served it within the six month prescribed time period.
In view of the holding that the plaintiff has substantially complied with subdivision 3 of section 65 of the Town Law, it is not necessary to pass upon plaintiff’s argument that this is a quasi contract action rather than a contract action — although we cannot help noting that the courts have been quick to extricating claimants from the teeth of notice of claim statutes, by holding that the complaint sounds in a different cause of action than that barred by the particular notice statute (e.g., Boyle v Kelly, 53 AD2d 457, revd on other *496 grounds 42 NY2d 88; see also, Matter of Reddick & Sons of Gouverneur v Cesario, 57 AD2d 1074).
Furthermore, notwithstanding defendant’s contention to the contrary, the court finds the voucher requirement of (former) section 103 of the Town Law, now section 118, inapplicable to a case dealing with attorneys’ fees allegedly incurred over a three year period and, in any event, because of the reasons expressed hereinabove, is not a bar to the commencement of an action under the facts of this case.
Finally, the other contentions raised by the defendant have been considered and found to be without merit. Thus, upon all of the papers submitted by both sides, the motion to dismiss is denied, and the matter is set down for trial at the opening of the October term.