CLIFFORD HART et al., Constituting the Town Board of the Town of Salina, et al., Appellants, v EAST PLAZA, INC., Respondent.

Fourth Department, April 7, 1978

114

**APPEARANCES OF COUNSEL**

*Coulter, Fraser, Ames, Bolton, Bird & Ventre (Robert Ventre* of counsel), for appellants.

*Hancock, Estabrook, Ryan, Shove & Hust (John Cherundolo* of counsel), for respondent.

**OPINION OF THE COURT**

CARDAMONE, J.

The supervisor, town board and the Town of Salina brought an action seeking to enjoin the defendant, East Plaza, Inc., an owner of property in that town from interfering with its dumping on defendant's landfill area until the town had a reasonable opportunity to establish an alternative method of disposal of solid waste. This appeal questions the propriety of an order at Special Term which dismissed the complaint of plaintiff, granted defendant partial summary judgment on its counterclaims and directed an inquest for the purpose of determining the nature and extent of defendant's damages. We affirm Special Term's order.

The town, as licensee of defendant, used defendant's property as a dump for solid waste for approximately 14 years prior to the commencement of this action. The background leading up to this litigation reveals that on August 17, 1972 an agreement was entered into between the Town of Salina and East Plaza granting the town a license to use the landfill areas as a dump for the disposal of solid waste collected in the town. The agreement clearly set forth the terms and conditions upon which the license was granted and contained a

termination clause. It also contained a provision that all representations and agreements between the parties were incorporated and merged in the agreement and that there was no other understanding between the parties which was not set forth in the agreement. Thereafter, on July 16, 1974 the defendant sent a letter to the town supervisor advising him that the town was in violation of the license agreement and demanded that the town cease dumping on the landfill area and comply with all conditions of the agreement. The letter further advised the town that, pursuant to the termination clause of the agreement, the license would cease 60 days from the date of the letter.

The town thereupon commenced an action to enjoin East Plaza from interfering with its dumping in the landfill area. The defendant served an answer containing a defense that the town violated the license agreement of August 17, 1972 and that its termination of the agreement was proper. The answer also contained three counterclaims based on the agreement seeking an injunction restraining the town from continuing to use the landfill areas as a dump, specific performance of the covenants of the license agreement and of a portion of an order of consent entered into between the New York State Department of Environmental Conservation and the town, and for costs and attorneys' fees.

Special Term properly granted defendant summary judgment in dismissing plaintiffs' complaint. The plaintiffs' contentions that there are triable issues of fact with respect to the purpose of the license agreement, whether the license agreement is coupled with an interest and whether performance was rendered impossible by operation of law are without merit. There is no triable issue of fact with respect to the license agreement of August 17, 1972 which, being clear and unambiguous, presents only a question of law for the court (*Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169, 171-172; *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456, 459-460).

Any oral agreement affecting property about which a written contract is made and executed between the parties is merged in the writing, especially here where the license agreement clearly states that all agreements between the parties are merged and incorporated in the contract (*Poel v Brunswick-Balke-Collender Co. of N. Y.,* 216 NY 310, 314-315; *Adams v Gillig,* 199 NY 314, 318; *Alhambra-Amusement Co. v*

*Associated First Nat. Pictures,* 207 App Div 550, 555, affd 242 NY 528). The license was terminated in accordance with the agreement and, therefore, we see no merit to the town's contention in this case that the license is coupled with an interest. Finally, the town may not claim that governmental action which was clearly contemplated by the parties, as evidenced in the agreement, made the contract impossible to perform *(Brokaw v Sherry,* 161 App Div 796, affd 213 NY 685; see *Herald Sq. Realty Co. v Saks & Co.,* 215 NY 427).

■ Turning now to defendant's counterclaim, plaintiffs' claim that defendant's failure to file a verified claim and to serve a notice of claim pursuant to subdivision 3 of section 65 and section 67 of the Town Law or sections 50-e and 50-i of the General Municipal Law was not waived by the town. Whether the counterclaims were in contract or tort, the timely filing of a notice of claim pursuant to subdivision 3 of section 65 and section 67 of the Town Law and commencement of the action are generally conditions precedent to the maintenance of such counterclaims (General Municipal Law, §§ 50-e, 50-i; *Wa-Wa-Yanda, Inc. v Town of Islip,* 25 AD2d 762, affd 21 NY2d 1013). Since the notice requirement is a condition precedent, it should have been pleaded and proved by East Plaza and the town may raise it as a defense for the first time on appeal *(Romano v Romano,* 19 NY2d 444). The failure to present a claim within the applicable time period ordinarily operates to bar any claim or action against the town for that particular cause of action *(Salesian Soc. v Village of Ellenville,* 41 NY2d 521, 523, citing 8 Weinstein-Korn-Miller, NY Civ Prac, par 9802.02, p 98-7) and it is of no consequence that the defendant is counterclaiming against a municipality in an action initiated by the municipality *(County of Nassau v Wolfe,* 51 Misc 2d 848).

■ The present counterclaim for damages does not include a verified notice of claim. However, since defendant's counterclaims primarily seek equitable relief (injunction and specific performance) and the monetary relief demanded is merely "incidental to" the equitable relief sought, the requirement that a notice of claim be filed timely as provided in the General Municipal Law (§§ 50-e, 50-i) and Town Law (§ 65, subd 3; § 67) does not apply *(Fontana v Town of Hempstead,* 13 NY2d 1134, 1135; *Cooper v Morin,* 50 AD2d 32, 36; *Grant v Town of Kirkland,* 10 AD2d 474).

Accordingly, the order should be affirmed.

Marsh, P. J., Moule, Simons and Dillon, JJ., concur.

Order unanimously affirmed, with costs.