■ MARON VOLKELL, Respondent, v RANDOLPH VOLKELL, Appellant.—In a matrimonial action, the defendant husband appeals from so much of an order of the Supreme Court, Queens County (Miller, J.), dated June 20, 1984, as denied his cross motion, *inter alia,* for the imposition of monetary sanctions against plaintiff's counsel for expenses allegedly incurred as a result of improper proceedings instituted by said counsel.

Order affirmed, insofar as appealed from, without costs or disbursements.

At the time of the commencement of the instant divorce action, the plaintiff wife Maron Volkell was represented by one Simon Koenig, an attorney with an office in Manhattan. Although both parties resided in Queens County, Koenig commenced the action on Mrs. Volkell's behalf in New York County, and subsequently refused demands by the defendant for a change of venue to Queens County. Koenig thereafter made several motions in New York County concerning pretrial discovery. Meanwhile, defendant successfully moved in Queens County for an order changing the venue of the action to that county, and upon receiving a copy of said order from the defendant, with notice of entry, Koenig immediately ceased all further proceedings in New York County concerning the several motions which he had made there on plaintiff's behalf.

Defendant argues here, as at Special Term, that Koenig's commencement of the action in New York County and his refusal to stipulate to a change of venue to Queens County was a malicious act calculated to harass the defendant, and that the motion practice in which Koenig engaged in New York County was unwarranted and constituted a deliberate attempt to force the defendant into an unfavorable settlement of the action. Defendant therefore requests that this court reverse Special Term and impose a monetary sanction of $5,000 upon Koenig personally, said amount allegedly representing the out-of-pocket legal expenditures of the defendant as a result of Koenig's supposed improprieties. This request had been denied by Special Term, because it found, *inter alia,* that while Koenig may have been "overly zealous" in prosecuting this action, he lacked any malicious or improper intent

in doing so. We agree with this determination, and therefore affirm the order, insofar as appealed from.

Defendant's contention that purely malicious motives prompted Koenig to commence the action on behalf of Mrs. Volkell in New York County is without support in the record. Indeed, in his affirmation in opposition to the motion for a change of venue to Queens County, Koenig indicated that certain material witnesses and documentary evidence were located in New York County. While we fully agree with Special Term's order directing that the venue be changed to Queens County, we are not persuaded that Koenig necessarily acted in bad faith or with malice. We recognize that "[a]n attorney may be held liable to third parties for wrongful acts if guilty of fraud or collusion or of a malicious or tortious act" (*Kahn v Crames*, 92 AD2d 634, 635; *see, Gifford v Harley*, 62 AD2d 5, 7). Moreover, as employed in this context, the term "malice" has been defined as "not necessarily requir[ing] personal aversion or hatred; an act is deemed in law to be malicious when it is done with knowledge of the [party's] rights and with the intention of interfering with those rights" (*Koger v Weber*, 116 Misc 2d 726, 727).

Notwithstanding the foregoing, we do not believe that Koenig acted with malice so as to justify the imposition of a monetary sanction in this case. The commencement of the divorce action in New York County appears to have been in good faith. In addition, while a consolidation of the several motions brought by Koenig would have been preferable, the motions themselves were neither unwarranted nor frivolous. Indeed, at least two of these motions were eventually granted. Thus, it appears that Koenig was acting in the best interests of his client, and did not intend to harass the defendant by engaging in this motion practice.

Great care must be exercised in determining whether to impose monetary sanctions upon attorneys for alleged improprieties. As we recently observed in a case similar to this one, "the court must determine, in its discretion, whether a monetary assessment would be just and fair, and whether its imposition would be consistent with sound policy considerations, e.g., promoting speedy, efficient and inexpensive resolution of lawsuits, on their merits, and deterring neglect, delay and intentional abuse such as the institution of successive, baseless and frivolous legal proceedings that serve no purpose other than harassment and that hinder the courts from acting upon more meritorious claims. Because inherent powers are not subject to direct democratic controls, they must be in-

voked with great restraint, as there is a danger that such powers might be wielded arbitrarily or in doubtful cases" (*Gabrelian v Gabrelian*, 108 AD2d 445, 454). In light of these guidelines, the imposition of a monetary sanction in this case would be inappropriate.

Finally, we observe that the delay and expense suffered by the parties is not entirely attributable to Koenig's actions. The record clearly establishes that defense counsel was also less than cooperative. Indeed, at defendant's examination before trial, he refused to accompany Koenig to a judge's chambers in order to obtain a ruling on certain disputed questions, opting instead to leave the courthouse before the examination had been completed. Accordingly, both attorneys were chargeable with a certain lack of cooperation.

In sum, Special Term did not err in denying defendant's cross motion to impose a monetary sanction in this case. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.