OPINION OF THE COURT
William L. Underwood, Jr., J.
The facts of this case have been sufficiently stated in Federal District Court Judge Bramwell’s decision and order dated September 4, 1985 (EDNY) and the affirmance by the Second Circuit Court of Appeals (Montauk-Caribbean Airways v Hope, 784 F2d 91 [2d Cir], rehearing en banc denied Mar. 27, 1986).
Briefly, the facts can be stated as follows for the purpose of deciding the motion and cross motions.
Plaintiff is a tenant of the Town of East Hampton, occupying certain areas at the East Hampton Town Airport pursuant to a seasonal fixed based operator lease entered into between the parties in 1979. The terms of that lease permit plaintiff to operate from May 1 of each year through the last day of September of each year. Prior to 1979, plaintiff was permitted to operate as a year-round fixed based operator under a prior lease, which was changed to the present seasonal lease at the request of plaintiff’s then president and principal shareholder. The request was made by plaintiff because it could not economically operate then on a year-round basis.
In 1983, after the shares in plaintiff’s corporation were sold to two individuals, plaintiff began insisting that its lease permitted it to operate on a year-round basis. Plaintiff claimed that alleged violations of Federal law would exist if the Town of East Hampton refused to allow plaintiff to operate all year, and sought to have the Town of East Hampton revise its existing lease. Throughout those actions, the Town of East Hampton had made repeated demands upon plaintiff to cure certain violations of the existing lease, many of which continue to this day, and which violations form the basis of an eviction proceeding previously commenced in the Town Justice Court.
*498 When the Town of East Hampton did not accede to the demands of the plaintiff, plaintiff commenced an action in the United States District Court for the Eastern District of New York, claiming damages based upon the alleged violations of Federal law, including antitrust (monopoly) claims founded upon alleged violations of the Federal Aviation Act of 1958, and damages based on 42 USC § 1983 (the Federal Civil Rights Act). A "pendent” claim of breach of contract was also asserted.
The United States District Court dismissed all of plaintiffs Federal claims on the merits (Judge Bramwell’s decision and order, dated Sept. 4, 1985, stated that the lease in question allowed plaintiff to operate only from May 1 of each year to Oct. 1 of each year and, furthermore, since there was no longer any Federal claims the court dismissed the "pendent” claim for alleged breach of contract). The determination of the District Court was affirmed (Montauk-Caribbean Airways v Hope, 784 F2d 91, supra).
In 1978, East Hampton Aire, Inc. and the Town Board entered into a lease agreement under which East Hampton Aire, Inc. agreed to lease certain land and facilities at East Hampton Airport as an air carrier and a fixed based operator on a year-round basis, including but not limited to the sale, renting and storage of aircraft and aircraft equipment, and the scheduling of air taxi and local flights. The term of the lease agreement was for 10 years from June 12, 1978 through and including June 12, 1988.
Only the second cause of action in this complaint pertains to East Hampton Aire, Inc. and LaVigna. It consists of nine separately numbered paragraphs, all of which are selected, virtually verbatim, reiterations of allegations previously set forth in counts I and IV of the Federal court complaint alleging violations of Federal antitrust laws by East Hampton Aire, Inc. and LaVigna. They have been conclusively determined to be insufficient as a matter of law in the Federal District Court for the Eastern District and the United States Court of Appeals for the Second Circuit, as previously noted.
I
Plaintiff moves, by order to show cause, to remove and consolidate the summary proceeding pending in the Justice Court of the Town of East Hampton (now transferred to the Justice Court of the Town of Southampton) with this action. *499 Defendants (Town Board and the town members individually —hereinafter referred to as town) cross-move to dismiss the complaint (CPLR 3211 [a] [1], [5], [7]) and to assess sanctions against plaintiff. Codefendants (East Hampton Aire, Inc. and LaVigna — hereinafter referred to as EHA) also cross-move to dismiss the complaint (CPLR 3211 [a] [5]; 1003) and to assess sanctions against plaintiff.
The court, after a hearing, vacated the stay of the summary proceeding pending in Justice Court which was contained in the order to show cause (see, e.g., Hudson Val. Tree v Barcana, Inc., 114 AD2d 400) and denied plaintiffs request to remove and consolidate.
II
The complaint in this action contains "statements” (CPLR 3013) which are substantially identical to the "background” statements contained in the Federal complaint. The complaint herein then alleges three causes of action sounding in breach of contract (first cause of action — only against the town), conspiracy to create a monopoly (second cause of action— against all defendants), and a deprivation of plaintiffs rights under 49 USC § 2210 (a) resulting in damage to plaintiff in violation of the Civil Rights Act (42 USC § 1983) (third cause of action — only against the town).
The second and third causes of action are pleaded in the Federal complaint.
Judge Bramwell determined those issues on the merits in his decision and order dated September 4, 1985 and it was affirmed on appeal (Montauk-Caribbean Airways v Hope, 784 F2d 91 [2d Cir], rehearing en banc denied Mar. 27, 1986, supra).
Therefore, pursuant to the doctrines of res judicata and collateral estoppel, plaintiff is precluded from relitigating the second and third causes of action in this lawsuit (Kret v Brookdale Hosp., 93 AD2d 449, affd for reasons stated in App Div opn 61 NY2d 861; O’Brien v City of Syracuse, 54 NY2d 353; Smith v Russell Sage Coll., 54 NY2d 185; see also, Sucher v Kutscher’s Country Club, 113 AD2d 928; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.27) and they are dismissed as to all defendants. Furthermore, the allegations of "conspiracy” (second cause of action) must be dismissed because there is no substantive tort of civil conspiracy in New York (Freyne v Xerox Corp., 98 AD2d 965; Health Delivery Sys. v Scheinman, *500 42 AD2d 566; 20 NY Jur 2d, Conspiracy—Civil Aspects, §§ 1, 4).
The cause of action for breach of contract against the town only survives the above doctrines because it was dismissed by the Federal court, not on the merits, but rather because of the absence of pendent jurisdiction (Judge Bramwell stated "For the foregoing reasons, the plaintiffs federal claims are dismissed. The Court no longer has jurisdiction over this matter since the remaining claims are based on state law and all of the parties are New York State domiciliaries. Consequently, the complaint is hereby dismissed” — p 11).
Ill
Town Law § 65 (3) provides that no action shall be maintained against a town arising out of a contract unless a written verified claim shall be filed with the town clerk within six months after the cause of action accrued and an action is commenced within 18 months after the accrual.
A.
Some of the important dates are summarized as follows.
Plaintiff filed a notice of claim on July 6, 1984 for an alleged breach of contract that took place on October 1, 1983. (The notice of claim states in part that "the Town has refused to allow the operation [by plaintiff — author] during the seven month period ending 30 April 1984” — the so-called "off season” is from Oct. 1 to April 30 — therefore, plaintiff alleges that a breach first occurred seven months before Apr. 30 which is Oct. 1 — see, complaint para 29.) A Federal action was commenced in February 1985 (Fed Rules Civ Pro, rule 3 [in 28 USC, Appendix]) and Judge Bramwell dismissed the action on September 4, 1985. The Federal Second Circuit Court of Appeals affirmed the dismissal on February 14, 1986. The instant lawsuit was commenced in March 1986 as to the town and on April 21, 1986 against EHA.
B.
Defendant town cross-moves to dismiss the breach of contract action upon the grounds that it was not commenced within 18 months of October 1, 1983 and that the notice of claim was untimely filed. Plaintiff counters that the provisions of CPLR 205 (a) apply and extend its time to commence this *501 action to within six months after the termination of the timely Federal action.
CPLR 205 (a) provides, in relevant part, that if an action is timely commenced and then terminated, the plaintiff may commence a new action upon the same transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of the commencement of the prior action.
C.
At the outset, CPLR 205 (a) has been held to apply when the first cause of action is brought in a Federal court in New York (as in this case) and then a State action is commenced within six months after termination of the Federal action (Park & Pollard Co. v Industrial Fire Ins. Co., 197 App Div 671; see also, George v Mt. Sinai Hosp., 47 NY2d 170, 177; Denehy v St. John’s Queens Hosp., 114 AD2d 991). This action for breach of contract was clearly commenced (Mar. 1986) within six months of the termination of the Federal action (Feb. 14, 1986). The breach of contract action was not "a final judgment on the merits” because it was dismissed for lack of pendent jurisdiction (CPLR 205 [a]; see, Carrick v Central Gen. Hosp., 51 NY2d 242).
D.
However, the central issue is whether or not plaintiff complied with the notice of claim provisions of Town Law § 65 (3). Plaintiff seeks to rely on the innovative approach taken in Frink v Town of Amenia (91 Misc 2d 491). Plaintiff states "Since the federal action, commenced in February 1985, was clearly within 18 months of the 1 October 1983 initial claim date, commencement of this action within six months after the termination, as provided in CPLR sec 205(a), brings it under the shelter of the time provisions of Town Law sec 65(3).” Plaintiff urges the court to follow the "enlightened and sensible approach” of Frink.
However, assuming, arguendo, that plaintiff is correct and the reasoning of Frink (91 Misc 2d 491, supra) should be applied, the facts in this case are distinguishable. In Frink, the court stated that "[t]he action at bar was commenced within the six (6) month period. The question — unique to town law and almost unique to New York municipal law — is whether the commencement of the action itself (by verified *502 complaint within the six-month period) is tantamount to section 65 (subd 3) notice” (p 492; emphasis added). The court answered the question in the affirmative. In this case, the Federal action was brought within 18 months of the accrual of the cause of action and not like Frink within the six-month time period to file a notice of claim. Therefore, using the circular reasoning of Frink, that the commencement of the Federal action, inter alia, for breach of contract can serve in lieu of a notice of claim, it was not commenced within the six-month time period for filing a notice (Town Law § 65 [3]— accrual Oct. 1, 1983 Federal action Mar. 1985).
IV
We now turn to the question of whether the notice of claim as provided in Town Law § 65 (3) is a condition precedent which must be alleged in the complaint and therefore the failure to so allege subjects the complaint in a motion to dismiss, or the failure to comply with the notice requirements is an affirmative defense to be alleged in the answer.
In Wa-Wa-Yanda, Inc. v Town of Islip (25 AD2d 762, affd 21 NY2d 1013), the Second Department stated "The timely filing of the notice of claim and commencement of the action are conditions precedent to the maintenance of the action.” After reviewing the time periods concerning the filing of the notice of claim and commencement of the action, the court stated "Hence, it is clear that the complaint does not state facts sufficient to constitute a cause of action”.
However, in the later case of Caruso v Incorporated Vil. of Sloatsburg (35 AD2d 988, 989), a contract action, the Second Department stated that "the failure to comply with section 341-b [Village Law] is an affirmative defense to be raised in the answer and is not a condition precedent to be pleaded in the complaint as are other notice of claim statutes ([case omitted] cf. General Municipal Law, § 50-e, and Education Law, § 3813, with Town Law, § 65, subd. 3, and Village Law, § 341-b)” (note, Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362—compliance with Village Law § 341-a [now Village Law § 6-628] must be alleged in a complaint in a tort action). Although the Caruso case dealt with the notice provisions contained in Village Law § 341-b (now CPLR 9802) in a contract action, the dictum stated that the notice of claim provision contained in Town Law § 65 (3) is an affirmative defense to be contained in the answer.
*503 Judge Murov followed this dictum in the town case of Braslow v Barnett (74 Misc 2d 26) and Justice Bracken followed the Caruso case in the village case of Dour v Village of Port Jefferson (89 Misc 2d 146).
However, the Third and Fourth Departments have held in village cases that the failure to allege in the complaint compliance with the notice of claim provision of CPLR 9802 or the Village Law former § 341-b requires dismissal of the complaint (Ayvee Constr. Co. v Village of New Paltz, 78 AD2d 942; Akins v Village of Potsdam, 65 AD2d 835; Lupinski v Village of Ilion, 59 AD2d 1050; Alexander v Village of Tupper Lake, 19 AD2d 939).
In fact, in Stage v Village of Owego (48 AD2d 985-986), the court stated "that the notice requirements of section 341-b were a condition precedent to the establishment of a cause of action by requiring that it be alleged in a complaint against a village. (But see, Caruso v Incorporated Vil. of Sloatsburg, 35 AD2d 988, 989 [where it was held that the said section is not a condition precedent to a cause of action].)” (The Stage case was affirmed by the Court of Appeals on the mem of the App Div, 39 NY2d 1017; see also, Salesian Socy. v Village of Ellenville, 41 NY2d 521, 523.)
In short, the notice of claim provision of CPLR 9802 (formerly Village Law § 341-b) is a condition precedent to be alleged in a complaint against a village in a breach of contract action.
CPLR 9802 is similar to the language found in Town Law § 65 (3) except that a notice of claim must be filed with the village clerk within one year after the cause of action shall have accrued and within six months with the town clerk.
Now, to put all the cases and statutes in perspective. Since the Court of Appeals has held that the notice of claim provision concerning a contract action against a village is a condition precedent that must be alleged in a complaint and CPLR 9802 is the same as Town Law § 65 (3) (except as previously noted), the court holds, contrary to the dictum in the Caruso case (35 NY2d 988, supra), that in a contract action against a town the notice of claim provision is a condition precedent that must be alleged in the complaint (see, e.g., Wa-Wa-Yanda, Inc. v Town of Islip, 25 AD2d 762, affd 21 NY2d 1013, supra; Aqua Dredge v Little Harbor Sound Civic Improvement Assn., 114 AD2d 825; see however, Carrick v Central Gen. Hosp., 51 NY2d 242, 251, supra; Matter of Day Surgicals v State Tax *504 Commn., 97 AD2d 865; cf. Matter of Mahoney v Board of Educ., 113 AD2d 942).
The court also notes that there is no authority, unlike the provisions of General Municipal Law § 50-e (5), to grant a late filing of the notice of claim against a town in a contract action (Town Law § 65 [3]; see, Aqua Dredge v Little Harbor Sound Civic Improvement Assn., supra).
A review of the first cause of action for breach of contract reveals that plaintiff does not allege that a notice of claim was filed with the town clerk. Additionally, plaintiff and the town have conceded that the cause of action for breach of contract accrued on October 1, 1983 and a written verified notice of claim was filed with the town clerk on July 6, 1984, more than six months after the accrual. Therefore, even if the complaint did allege that a notice was filed, the notice was untimely.
V
Furthermore, having just held that the notice of claim provision of Town Law § 65 (3) is a condition precedent to be alleged in the complaint, it has been held that "[a] condition precedent is not a time limitation, and CPLR 205 does not apply to conditions precedent” (Glamm v City of Amsterdam, 67 AD2d 1056, 1057, affd on mem of App Div 49 NY2d 714) (note, Copeland v Salomon, 56 NY2d 222, 227—"If no time limit for compliance with the condition is established, or the established time limit is still open, or CPLR 205 operates because of the defectively commenced action to extend the time limit, the omission can be supplied and the action or a new action replacing it will be decided on the merits [cases omitted]”. Here, Town Law § 65 [3] contains a "time limit” to file a notice of claim and the time limit is not "still open”. Further, there is no provision in Town Law § 65 [3] to permit a late filing of the notice [Aqua Dredge v Little Harbor Sound Civic Improvement Assn., 114 AD2d 825, supra]). Therefore, plaintiff cannot even invoke the provisions of CPLR 205 (a) under the facts of this case.
VI
Finally, defendant town seeks a hearing for the purpose of assessing sanctions, including counsel fees under the authority of Eastway Constr. Corp. v City of New York (762 F2d 243 [2d Cir]). Defendant town then based its relief on Gabrelian v Gabrelian (108 AD2d 445). Defendant EHA also requested this *505 relief. The court stated that courts of record possess inherent power to assess an abusive or neglectful litigant or attorney for pressing a frivolous claim, financial sanctions and "[t]he question of whether the inherent power is to be invoked in a particular case must be determined on an ad hoc basis” (p 454; see also, LTown Ltd. Partnership v Sire Plan, 108 AD2d 435 [case on appeal]; Volkell v Volkell, 112 AD2d 293).
In this case, plaintiff filed a Federal complaint alleging Federal causes of action including a breach of contract action. The Federal claims were dismissed on the merits and the breach of contract claim was dismissed for lack of pendent jurisdiction. Plaintiff now brings the breach of contract action in the State court. The court cannot state that this action is frivolous within the contemplation of Gabrelian (supra), LTown (supra) and Volkell (supra), so as to warrant sanctions. However, the only allegations in this action against defendant EHA (the second cause of action for conspiracy to create a monopoly) was alleged in the Federal complaint and it was dismissed. Furthermore, as previously noted, there is no cause of action for the substantive tort of civil conspiracy in New York. Therefore, plaintiff did present a "frivolous claim” against EHA in this action and a hearing shall be held before the undersigned in Trial Term, Part XIV (Riverhead, NY) on June 30, 1986 at 10:00 a.m. to determine whether or not sanctions should be imposed and, if so, how much.
In conclusion, defendant town’s cross motion to dismiss the complaint as to it (CPLR 3211 [a] [1], [5], [7]) and codefendant EHA’s cross motion to dismiss the complaint as to it (CPLR 3211 [a] [5]; 1003) are granted for the foregoing reasons and plaintiff’s motion to stay the summary proceeding pending in the Southampton Justice Court and to remove and consolidate it with this action is denied.