■ County of Rockland, Appellant, v Town of Orangetown, Respondent.—Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered August 27, 1991 in Rockland County, which, inter alia, granted defendant's motion to dismiss the complaint for failure to serve a notice of claim.

This action arises out of defendant's alleged breach of two agreements entered into between defendant and plaintiff's administrative agency, Rockland County Sewer District No. 1. On or about September 11, 1967, defendant and the Sewer District agreed to utilize a joint outfall sewer and to proportionately share operation and maintenance costs. Thereafter, by letter dated May 29, 1990, the Sewer District requested

that defendant remit $138,014, representing defendant's proportionate share of certain repair costs, which defendant has apparently refused to pay. In the interim, on or about November 17, 1989, defendant and the Sewer District entered into another agreement whereby it was agreed that defendant would accept and process certain quantities of sludge from the Sewer District and the Sewer District would pay for a study to determine whether an efficient and environmentally safe joint sludge disposal facility could be constructed on defendant's sewage facility site. Defendant apparently thereafter refused to accept any of the Sewer District's sludge.

Plaintiff subsequently commenced this action seeking damages for defendant's alleged breach of the 1967 and 1989 agreements. Defendant answered and moved to dismiss the complaint on the ground that plaintiff failed to file a verified notice of claim in accordance with Town Law § 65 (3); plaintiff cross-moved for, *inter alia*, leave to serve a late notice of claim. Supreme Court granted defendant's motion to dismiss and denied plaintiff's cross motion. This appeal by plaintiff followed.

We affirm. Town Law § 65 (3) provides, in pertinent part, that "no action shall be maintained against a town upon or arising out of a contract entered into by the town * * * unless a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued". The filing of a notice of claim is a condition precedent to the maintenance of an action against defendant *(see, Franza's Universal Scrap Metal v Town of Islip,* 89 AD2d 843, 844; *Hart v East Plaza,* 62 AD2d 113, 117, *lv dismissed* 45 NY2d 706; *Montauk-Caribbean Airways v Hope,* 132 Misc 2d 496, 503), and plaintiff's conceded failure to plead and prove compliance with the requirements of Town Law § 65 (3) compels dismissal of this action *(see, Hart v East Plaza, supra,* at 117; *cf., Williamson Roofing & Sheet Metal Co. v Town of Parish,* 139 AD2d 97, 106). In this regard, we reject plaintiff's contention that it substantially complied with the foregoing notice requirements. This Court "lacks authority to disregard the lack of verification of a notice of claim against a town arising out of a contractual dispute" *(Aqua Dredge v Little Harbor Sound Civic Improvement Assn.,* 114 AD2d 825, 826; *see, Perritano v Town of Mamaroneck,* 170 AD2d 443, 443-444) and, therefore, plaintiff's unverified letters and discussions at certain meetings purporting to give notice of the underlying claim do not substantially comply with Town Law § 65 (3) *(see, supra).* Finally, inasmuch as Town Law § 65 (3) does not

provide courts with the authority to extend the time for filing a notice of claim *(see, Franza's Universal Scrap Metal v Town of Islip, supra,* at 844; *Montauk-Caribbean Airways v Hope, supra,* at 504), Supreme Court properly denied plaintiff's cross motion for leave to serve a late notice of claim.

We have examined the remaining arguments advanced by plaintiff and find them to be lacking in merit. Additionally, our resolution of this matter renders it unnecessary to address that portion of plaintiff's cross motion seeking disqualification of the Town Attorney.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.